STATE OF NORTH CAROLINA v. SIDNEY VERBAL II

No. 7926SC72

(Filed 15 May 1979)

**Contempt of Court § 4— summary proceedings—no notice to contemnor—no findings of fact—no proof beyond reasonable doubt shown**

Trial court erred in holding defendant attorney in contempt for returning to court 18 minutes late from a lunch recess since the court did not, as required by G.S. 5A-14(b), give contemnor notice of the charges against him and an opportunity to be heard, find facts supporting the summary imposition of measures in response to contempt, or apply the standard of proof beyond a reasonable doubt to his findings of fact.

APPEAL by defendant from *Smith (David I.), Judge*. Judgment entered 15 September 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 April 1979.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Sidney Verbal, II, for the defendant.*

MARTIN (Robert M.), Judge.

Defendant, an attorney, was cited by the trial judge for direct contempt and sentenced after a summary proceeding to two days' imprisonment for being eighteen (18) minutes late in returning to court after a luncheon recess, while a trial in which defendant was appearing was in progress. The defendant has

strongly contended that his behavior, if contemptuous, was not direct, but rather, indirect contempt in that the action constituting the contempt was not committed in the court's presence. He cites substantial authority in support of this contention. The State, on the other hand, contends that his action was a direct contempt and was properly dealt with in the summary proceedings held below. Much authority is cited in support of this contention also. However, we do not need to decide that question to dispose of this appeal; we turn instead to the applicable statutes (N.C. Gen. Stats. §§ 5A-13 and 5A-14) and determine that the contempt adjudication below must be reversed. (We assume, for purposes of argument, that the contempt was direct, even though we expressly decline to rule on that question; on the record before us no different result would obtain either way.)

N.C. Gen. Stats. § 5A-14(b) provides that before proceeding summarily against a criminal contemnor, the judicial official *must* "give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt. The facts must be established beyond a reasonable doubt."

Nothing in the record before us indicates that the alleged contemnor was given any opportunity to be heard. We think that it is implicit in this statute that the judicial official's findings in a summary contempt proceeding should clearly reflect that the contemnor was given an opportunity to be heard, along with a summary of whatever response was made and that judicial official's finding that the excuse or explanation proffered was inadequate or disbelieved. None of this was done in the instant case. Furthermore, the findings of the trial judge concerning the facts constituting the contempt did not indicate what, if any, standard of proof was applied; the statute (N.C. Gen. Stats. § 5A-14(b)) clearly requires that the standard should be "beyond a reasonable doubt" and we find implicit in the statute the requirement that the judicial official's findings should indicate that that standard was applied to his findings of fact.

For the reasons stated, we conclude that the order entering judgment on the summary proceedings below is fatally deficient, and cannot be sustained.

Reversed.

Judges ARNOLD and ERWIN concur.