STATE OF NORTH CAROLINA v. WILLIAM RANDELL

No. COA01-1151

(Filed 20 August 2002)

**Contempt— refusal to stand in court—summary hearing required**

    A contempt order was reversed where a defendant who refused to stand when a recess was called was not given the statutorily required summary hearing before being found in contempt. Giving defendant the opportunity to explain himself after the fact is not sufficient. It was noted that defendant's actions

**STATE v. RANDELL**

[152 N.C. App. 469 (2002)]

were contemptuous and that judges must be allowed to maintain order, respect and proper function in their courtrooms.

Appeal by defendant from orders entered 30 March 2001 and 2 April 2001 by Judge William Z. Wood, Jr., in Yadkin County Superior Court. Heard in the Court of Appeals 15 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Jill F. Cramer, for the State.*

*William Randell, pro se.*

PER CURIAM.

The Honorable William Z. Wood, Jr., was conducting court during the 30 March 2001 Criminal Session of Yadkin County Superior Court. At 11:09 a.m., the court called for a morning recess, and the bailiff called for all to rise. A person in the courtroom, later identified as defendant William Randell, did not obey the call to rise. Defendant continued to remain seated even after Judge Wood called for all to rise. The transcript reflects the subsequent exchange between defendant and Judge Wood:

THE COURT:	Come on up, sir.

MR. RANDELL:	For what?

THE COURT:	You're in custody. Thirty days.

MR. RANDELL:	For what?

THE COURT:	Contempt of court.

MR. RANDELL:	I was getting my books.

THE COURT:	You didn't stand up. What's your name?

MR. RANDELL:	As a matter of fact . . .

THE COURT:	. . . what is your name . . .

MR. RANDELL:	. . . The law doesn't require me to stand . . .

THE COURT:	. . . what's your name?

MR. RANDELL:	(No response).

THE COURT:	What's your name?

MR. RANDELL:	My name is William Randell.

THE COURT: Okay, Mr. Randell, I'll be glad you hear later on [sic]. He's in custody, sheriff.

Defendant was brought back into the courtroom by Judge Wood later on the same day. At this point, Judge Wood gave defendant an opportunity to be heard on the contempt of court charge. Defendant claimed that he did not believe that he was in contempt because there was no law that required him to stand. Judge Wood clarified that defendant was going to be punished for not giving his name when the court asked for it in addition to not standing when summoned to do so. To this, defendant responded that he believed that he was not obligated to do so because there was no apparent reason. Judge Wood again had defendant removed from the courtroom and into custody. At this point, it was 3:38 p.m. on Friday afternoon, 30 March 2001. Judge Wood signed an order the same day, finding defendant in contempt of court. It contained the following facts: the bailiff asked for all to rise; then the judge asked for all to rise, and a man in the back still did not stand; the man did not stand after further motions from the bailiff to do so; when that man was called to the front, the judge asked him his name, to which he replied, "Why do you need to know my name?"; he further stated that the law did not require him to stand up.

On Monday, 3 April 2001, defendant was brought back into the courtroom before Judge Wood. Defendant was again told that he "refused to stand up, and then you didn't tell me your name when I asked you." Defendant argued federal case law and that the court was adjourned, thus he could not have interrupted business. At this point, while the trial court continued to find defendant in contempt of court, the court released him for time served. Defendant appeals.

I.

The law on summary criminal contempt is found in N.C. Gen. Stat. § 5A-14 (2001). Recently, this Court visited this area in *State v. Terry*, 149 N.C. App. 434, 562 S.E.2d 537 (2002):

Pursuant to N.C. Gen. Stat. § 5A-14(a):

The presiding judicial official may summarily impose measures in response to direct criminal contempt when necessary to restore order or maintain the dignity and authority of the court and when the measures are imposed substantially contemporaneously with the contempt.

N.C. Gen. Stat. § 5A-14(a) (1999). However,

> Before imposing measures under this section, the judicial official must give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt. The facts must be established beyond a reasonable doubt.

N.C. Gen. Stat. § 5A-14(b) (1999). The Official Commentary to the statute notes that it:

> was intended not to provide for a hearing, or anything approaching that, in summary contempt proceedings, but merely to assure that the alleged contemnor *had an opportunity to point out instances of gross mistake about who committed the contemptuous act or matters of that sort.*

N.C. Gen. Stat. § 5A-14 (Official Commentary 1999) (emphasis added).

*Terry,* 149 N.C. App. at 439, 562 S.E.2d at 540-41. *Terry,* relying on the case of *In re Owens,* 128 N.C. App. 577, 496 S.E.2d 592 (1998), *aff'd,* 350 N.C. 656, 517 S.E.2d 605 (1999), stated further that this Court noted that the " 'requirements of [§ 5A-14] are meant to ensure that the individual has an opportunity to present reasons not to impose a sanction.' " *Terry,* 149 N.C. App. at 440, 562 S.E.2d at 541 (quoting *Owens,* 128 N.C. App. at 581, 496 S.E.2d at 594).

We hold that the trial court failed to comply with the statutory requirements by failing to give defendant a "summary opportunity to respond" to the charge of criminal contempt. *See Peaches v. Payne,* 139 N.C. App. 580, 533 S.E.2d 851 (2000). The record shows that defendant was not accorded the summary hearing before being found guilty of contempt. Although the trial court did give defendant ample opportunity to explain himself after the fact, such does not serve to correct the previous error. We therefore reverse the contempt order.

Though we reverse the present contempt order, we note that defendant's actions were indeed contemptuous. Defendant asserted at the trial court level as well as on appeal that one is not required to rise when asked to do so by the trial court, and such conduct is not a proper basis for contempt. We emphatically disagree.

**STATE v. RANDELL**

[152 N.C. App. 469 (2002)]

Criminal contempt

"is a term applied where the judgment is in punishment of a[ ] [completed] act . . . tending to interfere with the administration of justice[.]" Accordingly, "[c]riminal [contempt] proceedings are those brought to preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders."

*State v. Reaves*, 142 N.C. App. 629, 632-33, 544 S.E.2d 253, 256 (2001) (citations omitted). North Carolina has not dealt with the question of whether a refusal to rise while court is adjourning and leaving the courtroom is sufficient grounds for contempt. While federal courts have taken differing positions, *see, e.g., In re Chase*, 468 F.2d 128 (7th Cir. 1972) (yes); *United States v. Snider*, 502 F.2d 645 (4th Cir. 1974) (no), federal contempt powers are more limited than those of the state, being limited to preventing actual obstruction of justice. 18 U.S.C. § 401(1) (2000); *see also Snider*, 502 F.2d at 665 ("[s]ince [this court's ruling] is not based upon federal constitutional grounds, it need have no effect upon the various States in the Circuit.").

Courtroom decorum and function depends upon the respect shown by its officers and those in attendance. Unexcused refusals to stand create a rift in that respect and interrupt the normal proceedings of court. Those who refuse to stand, for whatever reason, must yield "to the imperative need of the community in having an established forum in which controversies between man and man and citizen and sovereign may be decided in a calm, detached, neutral atmosphere." *Id.* (Widener, J., dissenting). Our trial court judges must be allowed to maintain order, respect and proper function in their courtrooms. Failure to stand when one is capable of doing so is indeed a contemptuous act in North Carolina.

Reversed.

Panel consisting of:

Judges WALKER, McCULLOUGH and BRYANT.