RE: CONTEMPT PROCEEDINGS AGAINST HAROLD W. COGDELL, JR., ATTORNEY FOR DEFENDANT, DAVID JOSEPH BUONICONTI

No. COA06-1186

(Filed 15 May 2007)

**Contempt— criminal—reasonable doubt standard not stated in order**

A criminal contempt order was reversed for failure to indicate application of the reasonable doubt standard where the court stated that defendant, an attorney, "appeared to be"

**IN RE CONTEMPT PROCEEDINGS AGAINST COGDELL**

[183 N.C. App. 286 (2007)]

deliberately trying to introduce inadmissible evidence before the jury.

Judge STEELMAN concurring.

Appeal by defendant from an order entered 24 May 2006 by Judge Michael E. Beale in Cabarrus County Superior Court. Heard in the Court of Appeals 12 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Tin Fulton Greene & Owen, PLLC, by Noell P. Tin and Matthew G. Pruden, for defendant.*

BRYANT, Judge.

Harold W. Cogdell, Jr. (defendant) appeals from an order entered 24 May 2006 holding him in criminal contempt in violation of N.C. Gen. Stat. § 5A-11(a)(6) for the "willful or grossly negligent failure by an officer of the court to perform his duties in an official transaction." For the reasons stated herein, we reverse.

Defendant Cogdell appeared before the 15 May 2006 Criminal Session of the Superior Court of Cabarrus County as the attorney for David Joseph Buoniconti. During cross-examination, defendant asked a State's witness, Detective D.G. Waller "at what point in time was [the confidential informant] polygraphed about his statement." The State gave a general objection to this question and the trial court sustained the objection. Defendant then asked "[w]as [the confidential informant] ever polygraphed about his statement?" The trial court sent the jury out of the courtroom and questioned defendant:

> COURT: What kind of question was that? Wait a minute. What kind of question was that? You know that's inadmissible in the State of North Carolina.

> Mr. Cogdell: Your Honor, I'm trying to point out what steps if any were taken by law enforcement to—

> COURT: Sir, you just violated a rule that's clear in the State of North Carolina that polygraph tests are not admissible. You have planted in the minds of the jurors that this man was either polygraphed and told a lie or they didn't polygraph him to corroborate it.

IN RE CONTEMPT PROCEEDINGS AGAINST COGDELL

[183 N.C. App. 286 (2007)]

> Mr. Cogdell:  Your Honor, my point is I've questioned, I'm trying to understand, Your Honor, that there was [sic] no steps taken to determine—

> COURT:  Sir, you are an officer of this Court. You know as a criminal defense attorney that a polygraph is not admissible in this [S]tate and you deliberately asked a question twice. I'm finding you in direct contempt and fining you $500 for that question. Do you understand that?

When the jury returned, they were told to disregard defendant's questions and were instructed that polygraph evidence has been held unreliable and inadmissible.

At the contempt hearing on 24 May 2006, defendant addressed the trial court and explained the purpose of his line of questioning was to:

> establish what any policies, practices, or procedures would have been regarding insuring the accuracy of information provided by a confidential source before trying to determine the reliability or truthfulness or trustworthiness of a confidential source before the Sheriff's Department permits a person to serve as a confidential source[.]

Defendant further explained his questioning "was by no means an effort to either solicit the results of a polygraph . . . or [] to prejudice the jury[.]" Defendant understood the general rule pertaining to polygraphs meant that the results of polygraph tests were inadmissible, but "not whether or not a test was given." After hearing this explanation, the trial court then entered its order stating "Mr. Cogdell appeared to be deliberately trying to introduce inadmissible evidence before the jury to discredit the testimony of the co-defendant." The trial court then concluded "as a matter of law" Mr. Cogdell was in direct criminal contempt pursuant to N.C. Gen. Stat. § 5A-11(a)(6).[1] Defendant entered notice of appeal in open court.

The dispositive issue is whether the trial court erred by entering a criminal contempt order against defendant without stating the standard of review. N.C. Gen. Stat. § 5A-14(b) sets out the requirements of summary proceedings for direct criminal contempt:

---

1. N.C.G.S. § 5A-11(a)(6) defines criminal contempt as the "[w]illful or grossly negligent failure by an officer of the court to perform his duties in an official transaction." N.C. Gen. Stat. § 5A-11(a)(6) (2005).

**IN RE CONTEMPT PROCEEDINGS AGAINST COGDELL**

[183 N.C. App. 286 (2007)]

Before imposing measures under this section, the judicial official must give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt. *The facts must be established beyond a reasonable doubt.*

N.C. Gen. Stat. § 5A-14(b) (2005); *State v. Ford,* 164 N.C. App. 566, 569-70, 596 S.E.2d 846, 849 (2004) (contempt orders were fatally deficient where the lower court failed to indicate in the findings that the beyond a reasonable doubt standard was applied). N.C. Gen. Stat. § 5A-14(b) clearly requires that the standard should be "beyond a reasonable doubt." *See State v. Verbal,* 41 N.C. App. 306, 307, 254 S.E.2d 794, 795 (1979) (reversing order holding defendant attorney in criminal contempt where "we find implicit in the statute the requirement that the judicial official's findings should indicate that [the 'beyond a reasonable doubt'] standard was applied to his findings of fact").

On 24 May 2006, the trial court issued an order, which in its entirety, stated:

THIS MATTER coming on for hearing before the undersigned Superior Court Judge on its own motion and the Court makes the following Findings of Fact:

That Mr. Harold Cogdell is a sworn officer of the Court appearing as a defense attorney before the Court in the case of State versus Buoniconti.

That Mr. Cogdell asked the witness, Detective D.G. Waller, not once, but twice, after an objection by the State had already been sustained, about whether the co-defendant took a lie detector test concerning statements he had made to Detective Waller. As an attorney with ten years experience, Mr. Cogdell knew or should have known that lie detector evidence is inadmissable in the State of North Carolina in all court proceedings.

That no request was made by Mr. Cogdell for any voir dire prior to asking the question. By asking such a question Mr. Cogdell *appeared to be* deliberately trying to introduce inadmissible evidence before the jury to discredit the testimony of the co-defendant. *Such action is a clear violation of the Rules of Professional Conduct and holdings of the North Carolina Supreme Court* and constitutes willful failure by an officer of the Court to perform his duty.

That all the acts were committed in sight and hearing of this Court in the courtroom and they interrupted and interfered with the proceedings, requiring the Jury to be sent out of the room while this Court heard legal arguments and entered this order.

That the actions by the attorney may well have resulted in the Court having to declare a mistrial if the State had so requested.

The Court concludes as a matter of law that Mr. Cogdell is in direct criminal contempt in violation of G.S. 5A-11(a)(6).

It is therefore Ordered, Adjudged, and Decreed that Mr. Cogdell pay a fine of $500.00 as punishment for this direct criminal contempt.

(Emphasis added). Here, the trial court stated defendant "appeared to be" deliberately trying to introduce inadmissible evidence before the jury and that "[s]uch action is a clear violation of the Rules of Professional Conduct and holdings of the North Carolina Supreme Court and constitutes willful failure by an officer of the Court to perform his duty." However, the trial court's order failed to indicate that he applied the beyond a reasonable doubt standard to his findings as required by N.C.G.S. § 5A-14(b). *See State v. Randell*, 152 N.C. App. 469, 472, 567 S.E.2d 814, 816 (2002) (citation omitted) ("The facts must be established beyond a reasonable doubt."). Just as in *Verbal*, "we conclude that the order entering judgment on the summary proceedings below is fatally deficient, and cannot be sustained." *Verbal*, 41 N.C. App. at 307, 254 S.E.2d at 795. Defendant's conviction is therefore reversed.

Reversed.

Judge JACKSON concurs.

Judge STEELMAN concurs in a separate opinion.

STEELMAN, Judge, concurring in separate opinion.

Based upon the binding precedent of *Ford* and *Verbal*, this case must be reversed. However, I believe that it would be appropriate to also remand the case to the trial court for additional findings of fact and conclusions of law articulating the standard used to determine the findings of fact.