STATE OF NORTH CAROLINA
v.
JAMES PHILLIPS

No. COA13-449

Filed 5 November 2013

**Contempt—criminal—standard of proof—deficient**

A criminal contempt order against an attorney for trying to obtain a signed order through subterfuge was reversed where the trial court made numerous findings about defendant's inexcusable and unacceptable behavior, but did not indicate that it had used "beyond a reasonable doubt" as the standard of proof.

Appeal by defendant from order entered 5 December 2012 by Judge Theodore S. Royster, Jr., in Stanly County Superior Court. Heard in the Court of Appeals 26 September 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.*

*Arnold & Smith, PLLC, by Matthew R. Arnold and J. Bradley Smith, for defendant-appellant.*

BRYANT, Judge.

Where the trial court failed to indicate in its criminal contempt order that the standard of proof applied in making its findings of fact was proof beyond a reasonable doubt, the order is fatally deficient. Accordingly, we must reverse.

During the Criminal Session of Superior Court in Stanly County commencing 16 July 2012, defendant James A. Phillips, Jr. – an attorney, appeared before the Honorable Sharon Tracey Barrett, Judge presiding, for an unscheduled matter at the request of Assistant District Attorney Robyn Singletary. The assistant district attorney brought to the Superior Court's attention a matter involving a 9 July 2012 district court order entered pursuant to an ex parte motion made by Phillips. The 9 July 2012 district court order was for the disposition of physical evidence held by the Stanly County Sheriff's Department. The order was entered following the dismissal of a civil action filed pursuant to Chapter 50B but prior to the conclusion of a related criminal action against Phillip's client – the defendant in both the civil and criminal actions.

In open court on 19 July, Phillips acknowledged that his client, Ryan Van McLain, had been charged with six criminal offenses and had been the defendant in the related civil action seeking a domestic violence protective order pursuant to Chapter 50B. Both criminal and civil matters were heard in Stanly County District Court. The trial court dismissed the civil action. Thereafter, Phillips prepared an order for the disposition of physical evidence seeking the return of his client's cell phone, which had been seized by law enforcement officers. The order presented to and entered by Judge Redwing included both civil and criminal docket numbers. Phillips acknowledged to Judge Barrett that while the civil matter had been dismissed, the remaining criminal charge – trespassing – was pending on appeal. Phillips also acknowledged that prior to submitting the proposed order to Judge Redwing, he had no contact with the plaintiff in the civil action or the district attorney's office prosecuting the criminal charges. The assistant district attorney argued before Judge Barrett to stay or set aside the 9 July 2012 district court order on the grounds that the cell phone had been seized by law enforcement officers during the investigation of the pending criminal matter.

On 19 July 2012, Judge Barrett issued an order to stay the disposition of physical evidence and ordered that Phillip's client's cell phone be retained pending trial. Judge Barrett also ordered Phillips, both individually and as attorney for the defense, to later appear before the Stanly County Superior Court and show cause why he should not be punished . for contempt of court for preparing and submitting an order *ex parte* which was thereafter entered by the district court.

On 5 December 2012, following a show cause hearing before the Honorable Theodore S. Royster, Jr., Judge presiding, the trial court entered an order in which it concluded that Phillips "[was] in contempt of court through gross negligence and subject to the contempt sanctions

of this Court" and decreed that Phillips was "hereby publicly CENSURED" and "fined $500.00." The trial court made the following findings of fact:

2.  [Phillips] attempted to obtain ex parte an order return- ing seized property in a pending criminal matter in violation of both the law and ethics.

3.  In spite of the fact that [Phillips] used a civil docket number on the order, [Phillips] knew of the pending criminal case and intentionally tried to obtain the signing of the said order through subterfuge.

. . .

5.  [Phillips] violated G. S. 15-11.1 by not contacting the District Attorney and / or by not filing a motion for return of seized property and having a hearing (See also State v. Hill, 153 NCApp 718 (2002)) [sic].

6.  Criminal contempt is necessary in this case in order to be administered as punishment for acts already committed that have impeded the administration of justice.

7.  The actions of Defendant have impeded the adminis- tration of justice and have brought the court system into disrepute.

8.  The defendant has violated his ethical duties as an attorney-at-law and as an officer of this Court

9.  Pursuant to Chapter 5A of the N. C. General Statutes, the Court has the following criminal contempt punish- ment available: censure, Imprisonment up to 30 days and/or a fine of up to $500.00 (or any combination of the three); in addition, the Court has the inherent power of disbarment.

Phillips appeals.

---

On appeal, Phillips raises the following issues: whether the trial court (I) failed to apply the correct standard to its findings of fact; (II) lacked subject matter jurisdiction and personal jurisdiction; (III) erred as a mat- ter of law in finding Phillips guilty of indirect criminal contempt; and (IV) violated Phillips' Fifth Amendment right against self-incrimination.

*I*

Phillips first argues that the trial court's 5 December 2012 order concluding he was in contempt of court failed to apply the standard of proof "beyond a reasonable doubt" when making its findings of fact, as required by General Statutes, section 5A-15(f). For this reason, Phillips contends that the trial court's order should be reversed. We agree.

This Court has previously held a trial court's failure to state the standard of proof for findings of fact in a criminal contempt order to be a fatal deficiency. *See In re Contempt Proceedings Against Cogdell*, 183 N.C. App. 286, 644 S.E.2d 261 (2007). The defendant attorney in *Cogdell* was found guilty of criminal contempt following a summary proceeding when, as counsel for the defense in a criminal action, defendant attorney questioned two State witnesses regarding whether a polygraph test had been administered to a witness for the State. The trial court entered a contempt order finding Cogdell in direct criminal contempt. On appeal, this Court stated that the requirements of General Statutes, section 5A-14(b), governing summary proceedings for direct criminal contempt, included that a trial court "must find facts supporting the summary imposition of measures in response to contempt[, and] [t]he facts must be established beyond a reasonable doubt." *Id.* at 289, 644 S.E.2d 263 (emphasis suppressed). Applying the statutory requirements to the trial court order, the *Cogdell* Court held the contempt order fatally deficient where "the trial court's order failed to indicate that he applied the beyond a reasonable doubt standard to his findings as required by N.C.G.S. § 5A–14(b)." *Id.* at 290, 644 S.E.2d at 264. In reaching its conclusion, this Court also acknowledged its holdings in *State v. Ford*, 164 N.C. App. 566, 596 S.E.2d 846 (2004) (contempt orders were fatally deficient where the lower court failed to indicate in its findings that the standard of proof of beyond a reasonable doubt was applied), and *State v. Verbal*, 41 N.C. App. 306, 254 S.E.2d 794 (1979) (reversing a trial court order holding attorney in criminal contempt where "we find implicit in the statute the requirement that the judicial official's findings should indicate that [the 'beyond a reasonable doubt'] standard was applied to his findings of fact").

In the matter currently before us, the trial court's 5 December 2012 order does not specify whether Phillips was found guilty of direct or indirect criminal contempt; however, the order does not support a conclusion of direct criminal contempt.

    (a)  Criminal contempt is direct criminal contempt when the act:

(1) Is committed within the sight or hearing of a presiding judicial official; and

(2) Is committed in, or in immediate proximity to, the room where proceedings are being held before the court; and

(3) Is likely to interrupt or interfere with matters then before the court.

N.C. Gen. Stat. § 5A-13(a) (2011). The 5 December order does not contain any finding satisfying a requisite for direct criminal contempt. "Any criminal contempt other than direct criminal contempt is indirect criminal contempt and is punishable only after proceedings in accordance with the procedure required by G.S. 5A-15." N.C.G.S. § 5A-13(b). In accordance, we review the trial court's 5 December 2012 order to determine whether Phillips was convicted of indirect criminal contempt pursuant to N.C. Gen. Stat. § 5A-15 and look to the procedure required therein for such convictions.

Pursuant to North Carolina General Statutes, section 5A-15,

[w]hen a judicial official chooses not to proceed summarily against a person charged with direct criminal contempt or when he may not proceed summarily, he may proceed by an order directing the person to appear before a judge at a reasonable time specified in the order and show cause why he should not be held in contempt of court.

N.C. Gen. Stat. § 5A-15(a) (2011). "At the conclusion of the hearing, the judge must enter a finding of guilty or not guilty. If the person is found to be in contempt, the judge must make findings of fact and enter judgment. The facts must be established beyond a reasonable doubt." N.C.G.S. § 5A-15(f).

In the instant case, the trial court made numerous findings of fact regarding defendant's inexcusable and unacceptable behavior. However, none of the trial court's findings indicate that the trial court used "beyond a reasonable doubt" as the standard of proof, nor was there a finding of guilt. On the contrary, the trial court concluded that defendant "is in contempt of Court through *gross negligence* and subject to the contempt sanctions of this Court." In accordance with *Cogdell, supra,* the trial court's failure to indicate that he applied "beyond a reasonable doubt" as the standard of proof in finding facts, as required by N.C.G.S. § 5A–15(f), renders the contempt order fatally deficient. Accordingly, we must reverse.

Because we find this matter dispositive of the appeal, we do not reach the remaining issues.

Reversed.

Judges McGEE and HUNTER, Robert C., concur.