IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 19-900

Filed: 19 May 2020

Granville County, No. 19 CRS 277

STATE OF NORTH CAROLINA

v.

RUSSELL TAYLOR PERKINSON, Defendant.

Appeal by defendant from judgment entered 2 July 2019 by Judge Leonard L. Wiggins in Granville County Superior Court. Heard in the Court of Appeals 28 April 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Nicholas R. Sanders, for the State.*

*Jason Christopher Yoder, for defendant-appellant.*

YOUNG, Judge.

This appeal arises out of a contempt judgment. The trial court erred in failing to provide Defendant with notice and an opportunity to be heard in violation of N.C. Gen. Stat. § 5A-14(b). Accordingly, we reverse the contempt judgment.

I.     Factual and Procedural History

On 16 February 2018, a Walmart employee caught Russell Taylor Perkinson ("Defendant") stealing a flashlight. Prior to this occasion, Defendant was barred from the store's property due "to prior thefts and things that happened there." Defendant was charged with misdemeanor larceny, possession of stolen goods, and first-degree

trespass. The District Court convicted Defendant of all the above offenses, and Defendant appealed to Superior Court where he ultimately pled guilty to misdemeanor larceny and first-degree trespass. In exchange, the State dismissed the possession of stolen goods charge.

The plea arrangement provided that Defendant would be sentenced to 180 days of imprisonment, to be suspended with a 30-day split. The arrangement also stated that "[u]ltimate sentencing shall be in the discretion of the court[.]"

The trial court sentenced Defendant to 120 days for misdemeanor larceny and a consecutive 60 days for first-degree trespass. Defendant made an unintelligible remark, and the trial court then held Defendant in direct criminal contempt and sentenced him to 30 additional days.

On 9 July 2019, Defendant filed two separate notices of appeal. Defendant filed a written notice of appeal identifying only the criminal judgments that had been entered against him in the file number 18 CRS 50277. Defendant also filed a second written notice of appeal specifically identifying the contempt judgment. On 19 July 2019, the trial court interpreted Defendant's second notice of appeal as a motion for appropriate relief to have his plea stricken but denied relief.

On 18 September 2019, Defendant filed with this Court a petition for *writ of certiorari* seeking review of: (1) the 1 July 2019 judgment of contempt and (2) the 29 July 2019 order (Appellate Entries) denying appeal bond. By order dated 25

September 2019, this Court dismissed the petition in part and denied in part. "To the extent defendant seeks review of the criminal contempt order entered . . . on 1 July 2019, the petition is dismissed without prejudice to refile upon the docketing of the appeal to this Court . . . ."

On 9 October 2019, Defendant filed a Notice of Withdrawal of Appeal and a Motion for Appropriate Relief/ Motion to Withdraw the Plea in file number 18 CRS 50277. On 10 October 2019, the Superior Court entered a consent order on Defendant's Motion for Appropriate Relief allowing Defendant to withdraw his plea, vacated the judgment for misdemeanor larceny and first-degree trespass, and allowed the State to proceed upon the original plea offer. After the new judgments were entered, this Court allowed Defendant to amend the record on appeal adding documents from file number 18 CRS 50277. Defendant solely appeals the contempt judgment.

## II.     Standard of Review

Whether a trial court violated N.C. Gen. Stat. §5A-14 is an issue of law reviewed *de novo* as a violation of a statutory mandate. *State v. Harding*, 258 N.C. App. 306, 316, 813 S.E.2d 254, 262 (2018). Under the *de novo* standard, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower" court. *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

### III.  Contempt

Defendant contends that the trial court failed to give him notice and an opportunity to be heard before entering judgment in accordance with N.C. Gen. Stat. § 5A-14(b).  We agree.

Our General Assembly requires that before entering a judgment for direct criminal contempt, "the judicial official must give the person charged with contempt summary notice of the charges and a summary opportunity to respond and must find facts supporting the summary imposition of measures in response to contempt."  N.C. Gen. Stat. § 5A-14(b) (2019).  Under § 5A-14(b), this Court has found that in a summary proceeding the defendant must be told the basis for the contempt and given an opportunity to respond before punishment is imposed.  *State v. Verbal*, 41 N.C. App. 306, 307, 254 S.E.2d 794, 795 (1979).

The findings and order signed by the trial court contains a pre-printed finding that "the contemnor was given summary notice of the charges and summary opportunity to respond."  The form does not include a checkbox or any other specific indication that this finding was made.  However, the record directly contradicts this form language, showing instead that judgment and sentence were imposed without any notice, and no opportunity to be heard was given.  The trial court's "finding" on this form is unsupported by the evidence.

The State contends that the case is moot because Defendant has completed his thirty-day sentence. This suggests that a judge may criminally confine a defendant and then escape judicial review so long as the sentence has been completed. Being that it takes at least a year for a case to come up on appeal, this would render most, if not all, contempt judgments moot on appeal. This Court has reached the merits in criminal contempt appeals, despite the fact that the defendant served the entire sentence or had no sentence at all.

For instance, in *State v. Randell*, the trial court released the defendant for "time served." 152 N.C. App. 469, 471, 567 S.E.2d 814, 816 (2002). Despite the fact that he served his entire sentence, this Court reached the merits of the case and reversed the trial court order finding the defendant in criminal contempt. *Id.* at 473, 567 S.E.2d at 817. *Randell* was reversed for precisely the same reason that Defendant seeks reversal. *Id.*

Based on the trial court's failure to give Defendant summary notice and an opportunity to be heard before entering judgment in accordance with N.C. Gen. Stat. § 5A-14(b), we reverse the trial court's contempt judgment.

REVERSED.

Judges BRYANT and BROOK concur.