## WYATT v. MAGEE.

1. Whenever the law affords any other adequate remedy, by which a party can enforce his rights, the proceeding by attachment for a contempt, is always within the discretion of the Court; and a refusal to exercise it, can not pro-perly be reviewed by appeal, or by writ of error.

Appeal from the Court of Chancery for the first district of the Southern division.

THIS was a rule against the sheriff of Mobile county, for an

alleged contempt in disobeying an injunction. The Chancellor discharged the rule and the plaintiff appealed.

The facts as disclosed by the affidavits in support of, and against the rule, are these : Magee, as sheriff of Mobile county, had in his hands two executions against Wyatt, in favor of the Mobile Steam Cotton Press and Building Company ; these executions were returnable on the 6th day of February, 1840, at which time Magee, returned them, satisfied, but he did not receive the money until the 12th of the same month, on which day he was served with an injunction, which Wyatt had obtained on a bill filed against the plaintiffs in execution. On the 13th of the same month, the plaintiffs in execution, moved the County Court for judgment against him for failing to pay over the money collected ; this motion he attempted to defend on the ground of the injunction before served on him, but his defence was overruled, and judgment rendered against him. It does not appear that he placed the case against him in such a condition as to revise the decision, and he subsequently paid over the money collected from Wyatt, under the advice of counsel that he was obliged to do so.

The sheriff was informed, that if he paid over the money, it would be a contempt of the Court of Chancery, and he would be proceeded against in that court. No notice was given by him to Wyatt, of the pendency of the action, for not paying over the money to the plaintiff in execution.

DUNN, for the defendant in error, moved to dismiss the appeal and insisted that the decree of the Chancellor on such a matter, could not properly be reviewed. Penn v. Messenger, (1 Yeates, 1.) Ex. parte, Chamberlain, (4 Cowen, 49.) United States v. Dodge, (2 Gallison, 313.)

CAMPBELL, contra,—cited Gates v. McDaniel, (3 Porter, 356.

The Court having intimated an opinion, that the decision of the Chancellor could be reviewed, the case was submitted for a determination on its merits.

GOLDTHWAITE, J.—At first, we were inclined to believe that we could properly entertain jurisdiction of this case, inasmuch as it seemed to be merely a mode by which to ascertain

the rights of parties litigant, but subsequent reflection has satisfied us that we cannot.

It is true, that this Court, in the case of Gates v. McDaniel, (3 Porter, 356,) reversed the decree of a circuit Judge, who refused to grant a motion to commit a defendant for the breach of an injunction: but then the question of jurisdiction was not raised, and therefore it cannot be considered as an adjudication on this point.

It is evident that there are some cases in which the jurisdiction of chancery could not be enforced, if the proceedings for a contempt were omitted. In this class, are decrees for a specific performance; the surrender of title deeds; specific chattels, &c. &c. In such cases, and there may be many others, it is evident that process of attachment for a contempt of the decree, or a writ of sequestration, would be the only means which a party has of enforcing his rights, which have been ascertained by the decree. It is obvious in such cases, that the Chancellor has no discretion, but must award the proper process. If we were permitted to suppose that a Chancellor would ever refuse, it is clear that a mandamus would be allowed, if there was no other remedy.

But in general, the courts of chancery, as well as the courts of law, only use the power, to prevent contempts—as a means to preserve a proper respect for their tribunals; or to enforce their officers to perform duties, which are not only enjoined by law, but in the correct performance of which, others are also interested. Of the former class, it is very clear that an appellate Court, would never undertake to review a refusal by either court to punish an individual; and the same rule is believed to be properly applicable to the latter class.

When a sheriff, or other officer has collected money on process from a court of law, he will ordinarily be considered as guilty of a contempt, if he omits, or refuses to pay it over; but certainly there may be cases in which courts would not attach him, as if it was doubtful to whom the money belonged; and many other cases might be readily supposed.

So in the particular case now before us, the Chancellor certainly had the power to punish the sheriff for disobeying the injunction; and it is very doubtful whether the paying over the money under the judgment obtained in the County Court, on the

motion of the plaintiff in execution, afforded any legal excuse. We have a statute which requires the sheriff, who has collected money to refund the money collected from a defendant, who obtains an injunction before it is paid over to the plaintiff in execution, and this too under heavy penalties. Aikin's Digest, 162, s. 14.

But certainly, in such a case, it may be permitted to a Chancellor to hesitate, whether he ought not to refuse to commit for a contempt, and leave the parties to their remedies at law, to ascertain whether the judgment would or would not be a protection.

Our conclusion is, that wherever the law affords any other adequate remedy by which a party can enforce his rights, the proceeding by attachment, for a contempt, is always within the discretion of the court, and that a refusal to exercise it, cannot, properly be reviewed by appeal or writ of error.

It may be remarked, this conclusion does not in any way affect the authority of the case of Gates v. McDaniel, before cited, as that was a case in which there was no other proper remedy, other than by attachment. Whether a mandamus in such a case, however, is not more appropriate than a writ of error, is well deserving of attention.

Let the appeal be dismissed.