DANIEL MURRAY et al. v. WILLIAM BERRY et al.

*Contempt—Summary Process for Enforcement of Rights when
Another Remedy Exists—Discretion of Court.*

1. Whenever the law affords any other adequate remedy by which a
   party can enforce his rights, the proceeding by attachment for a
   contempt is always in the discretion of the Court, and a refusal to
   exercise it cannot be reviewed on appeal; therefore,

2. Where an alleged order of Court is so binding on respondents in a sum-
   mary proceeding for contempt that it enjoins them, under pain of
   being liable for contempt, from bringing suit to recover land, the
   refusal to issue the summary process of attachment will not be
   reviewed, since that same order of Court will be effective, if pleaded,
   to bar respondents' recovery, and will protect complainants in their
   rights.

Motion to attach defendants for contempt in disobeying an
order of the Court of Equity of HYDE County, made in 1830,
heard before *Bynum, J.,* at chambers in Hyde County, June,
1892.

The rule was discharged, and plaintiff Windley, guardian,
appealed.

The pertinent facts are set out in the opinion of Associate
Justice BURWELL.

*Mr. W. B. Rodman* and *Mr. Chas. F. Warren,* for plaintiff
(appellant).

*Mr. W. W. Clark,* for appellees.

BURWELL, J : The law of contempt is regulated in this
State by statute. *The Code,* ch. 14. Among the acts for
which persons *may* be punished in this summary manner is
"the wilful disobedience of any process or order lawfully
issued by any Court."

His Honor, upon consideration of the affidavit filed by the
complainants and the answer of the respondents, adjudged

that they had "purged themselves of and from any contempt" of that Court, and discharged the rule, and taxed the complainants with costs.

The errors assigned are that the Judge erred (1) "In holding that the defendants had purged themselves from the contempt in the disobedience of the restraining order made in the original cause"; and (2) "In not holding that the restraining order was disobeyed, and in not finding the facts relative to the same."

In *Rapalje on Contempt*, § 9, it is said: "The right of a party aggrieved by the act of the contemnor to have process issue against him is not absolute, on the contrary, whenever the law affords any other adequate remedy by which such party can enforce his rights, the proceeding by attachment for a contempt is always within the discretion of the Court, and a refusal to exercise it cannot be reviewed on appeal or writ of error."

In *Wyatt* v. *Magee*, 3 Ala., 94, the Court dismissed an appeal from an order discharging a rule for an alleged contempt in disobeying an injunction, and pointed out the distinction between those cases where, as in decrees for specific performance, the surrender of title deeds, etc., the party has no method to enforce his rights, ascertained by the decree, except by the summary process of attachment in contempt (in which class of cases it is hardly to be supposed that any Court would ever refuse to enforce obedience to its decree), and those cases where, the party having another means of redress, the principal object is the maintenance of proper respect for the tribunal. In this latter class of cases it is there said that it is certainly to be "permitted to the Chancellor to hesitate whether he ought not to refuse to commit for a contempt, and leave the parties to their remedies at law."

It was charged against the respondents that they had disobeyed an imperative order of the Court of Equity of Hyde County, made in 1830, in a cause to which their ancestor, Hosea Berry, then an infant, was respondent, by which order,

it was alleged, the said Berry *and all persons claiming under him* "were enjoined from setting up any claim" to certain land which the complainant there averred had been conveyed to him by the mother of Hosea Berry by proper deed, which deed, as well as the book in which it had been registered, had been destroyed. And the act of disobedience specially charged was that the heirs of Hosea Murray, respondents here, had, in 1889, instituted an action to recover a portion of said land, and in 1890 had begun proceedings to have partition made of another portion, they asserting title only as heirs of Hosea Berry, both in the action and the proceeding for partition.

The respondents insist in their answer that they have done nothing that in any way violates any order of Court that is binding on them, and that there is no decree or order of the Court of Equity that prevents them from asserting, by proper action, their title to the land in question. They disavow any intention to defy the authority of the Court, and set out with fullness and particularity the reasons that induce them to believe that there is no injunction order that has the force claimed for it by complainants.

Now it seems very clear that if there is any record that is so binding on the respondents that it enjoins them, under pain of being liable for contempt, from bringing suit to recover the land, that same order or decree will be effective, if pleaded, to prevent them from recovering the land, and will surely protect the complainants in their rights.

His Honor, in the exercise of his discretion, refused to attach the respondents for contempt. His refusal to exercise that power cannot be reviewed here. He has only determined that the very complicated controversy, the particulars of which are set out in the affidavit of complainants and the reply of respondents, should not be determined in this summary manner, and that the issue between the parties can be more properly tried in the action brought by respondents than in a proceeding such as this.

Let the appeal be                              Dismissed.