PIEDMONT EQUIPMENT COMPANY, INC. v. P. ERNEST WEANT, JR. AND AUTOHARDWARE, INC.

No. 7526SC1013

(Filed 21 July 1976)

1. Appeal and Error § 6; Contempt of Court § 8— indirect civil contempt — appellate review of order dismissing

Appeal lies to review an order dismissing a charge of indirect civil contempt where the order affects a substantial right claimed by the appellant. G.S. 1-277(a).

2. Contempt of Court § 8— consent judgment — compliance with terms — no contempt

The trial court properly denied plaintiff's motion that defendants be found guilty of contempt for intentionally and wilfully disobeying a consent judgment requiring that defendants cease using plaintiff's product numbering system in their catalog or elsewhere and that defendants show none of plaintiff's work products in their catalog or elsewhere, since the judgment was intended to be prospective in its application, defendants were not prohibited by the

judgment from filling orders received as a result of their then out-standing catalogs, and defendants printed within a reasonable time a new catalog in which none of the product identification numbers or work products of plaintiff appeared.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 19 September 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 April 1976.

On 28 September 1973 plaintiff filed its complaint in this action in which it alleged that the individual defendant, a former employee of the plaintiff, had wrongfully misappropriated and used the plaintiff's customer list and product identification numbering system for his own benefit and for the benefit of the corporate defendant, which had been formed by him after the termination of his employment with the plaintiff and of which he was the President and the controlling stockholder. Plaintiff asked for damages and for injunctive relief. Defendants answered and denied the material allegations of the complaint.

During the course of the trial a compromise was effected, and on 23 June 1975 a consent judgment was entered which adjudged as follows:

"that the defendants, P. Ernest Weant, Jr. and Auto-hardware, Inc., and each of them, shall cease and desist and shall not hereafter make any use whatsoever in any catalog, document or other instrument or in any other manner, means or medium whatsoever of product identification numbers originated by the plaintiff and known as plaintiff's product numbering system, nor shall defendants reproduce in any catalog, document or other instrument or in any other manner, means or medium whatsoever any work-product of the plaintiff which does or shall hereafter appear in plaintiff's catalog or in any other promotional material of the plaintiff;

IT IS FURTHER ORDERED, by consent, that except as herein expressly provided, that the plaintiff have and recover nothing further of the defendants and this shall be with prejudice."

On 28 August 1975 plaintiff, alleging that defendants had intentionally and wilfully disobeyed the judgment entered 23 June 1975, filed a motion for an order directing defendants to appear and show cause why they should not be found guilty of

contempt of Court and punished accordingly. A show cause order was issued, pursuant to which a hearing was held at which plaintiff presented evidence in the form of sworn testimony and documentary exhibits. Following this hearing the Court entered its order dated 19 September 1975 making findings of fact, including the following:

"2. That by agreement between the parties, defendants were to have sixty days within which to comply with the terms of the Judgment.

3. That on July 15, 1975, Mr. W. A. Dennis, one of the attorneys for the plaintiff, forwarded to Mr. Charles F. Coira, Jr., attorney for the defendant, a list of material which plaintiff identified as that to be removed from the Autohardware, Inc. catalog.

4. That subsequent to June 23, 1975, the defendant received orders from customers for parts bearing part numbers included in the list provided by the plaintiff on July 15, 1975, which orders defendants filled.

5. That on September 5, 1975, defendants completed the printing of a new catalog, which catalog contains none of the numbers or work-product of the plaintiff as contained on the list provided by the plaintiff to the defendants on July 15, 1975.

6. That approximately eighty (80) of such catalogs have been distributed thus far to defendants' customers and defendants plan to distribute additional copies to their active customers."

Based on its findings of fact, the Court made conclusions of law, including the following:

"2. The Consent Judgment previously entered in this cause on the 23rd day of June, 1975 is in the nature of a permanent injunction, and as such must state with sufficient specificity the act or acts which the defendants are enjoined from performing so that the defendants may have full and complete notice of what conduct on the part of the defendants is specifically prohibited.

3. The judgment of June 23, 1975, is not sufficiently specific to put the defendants on notice of whether they are

prohibited from performing the acts complained of by the plaintiff.

4. The defendants have not intentionally and wilfully disobeyed the provisions of the Judgment of June 23, 1975 and should not be punished as for contempt."

On these findings and conclusions, the Court ordered and adjudged that "the plaintiff's Motion that the defendants be found guilty of contempt of this Court and punished accordingly be and the same is hereby denied."

From this order, plaintiff appealed.

*William H. Booe for plaintiff appellant.*

*Harkey, Faggart, Coira & Fletcher by Charles F. Coira, Jr. for defendant appellees.*

PARKER, Judge.

[1]   At the outset we face the question whether appeal lies to review an order dismissing a charge of indirect civil contempt. We hold that it does where, as here, the order affects a substantial right claimed by the appellant. G.S. 1-277(a). Had defendants been adjudged guilty of the contempt charged, they would have had the right to appeal expressly granted by statute, G.S. 5-2. That statute, however, makes no reference to an appeal from an order adjudging an alleged contemnor not guilty, and our attention has been directed to no other statute or case authority of this State which expressly deals with the question. Decisions elsewhere are divided. *See* Annot. 24 A.L.R. 3rd 650, "Appealability of Acquittal from or Dismissal of Charge of Contempt of Court." In the only North Carolina case cited in that Annotation, *Murray v. Berry,* 113 N.C. 46, 18 S.E. 78 (1893), our Supreme Court declined to review the action of the trial court in refusing to attach respondents for contempt. In that case, however, the Court found that the rights which plaintiffs sought to enforce by the contempt proceeding could be more properly determined in a pending civil action brought by respondents to partition land, title to which was in question. In the case now before us, we are aware of no other proceeding by which plaintiff can enforce its rights under the consent judgment dated 23 June 1975 than by the contempt proceedings which plaintiff now seeks to have us review. Since the order denying plaintiff the relief sought clearly affects a substantial

Equipment Co. v. Weant

right of the appellant, that is, the right to have the 23 June 1975 judgment enforced, we hold that the present appeal lies by virtue of G.S. 1-277(a). *See* § 7 of Annot., 24 A.L.R. 3d 650, cited *supra*.

**[2]** Turning to the merits of plaintiff's appeal, we find no error in the order denying the plaintiff's motion that the defendants be found guilty of contempt. "The findings of fact by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence, *Cotton Mill Co. v. Textile Workers Union,* 234 N.C. 545, 67 S.E. 2d 755, and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." *Roses's Stores v. Tarrytown Center,* 270 N.C. 206, 211, 154 S.E. 2d 313, 317 (1967). Here, the court's findings of fact were supported by competent evidence. These factual findings in turn support the court's conclusion that defendants had not intentionally and wilfully disobeyed the 23 June 1975 judgment and that they should not be punished for contempt. Finding of fact number 4, that subsequent to 23 June 1975 defendant's received and filled orders from customers bearing part numbers included in plaintiff's list, does not compel the conclusion that defendants intentionally violated the 23 June 1975 judgment. That judgment was clearly intended to be prospective in its application. At the time it was entered, the parties knew that there were then outstanding, in the hands of defendants' customers, catalogs theretofore issued by defendants in which plaintiff's product identification numbering system was used. Indeed, that was the very basis of plaintiff's action. Had it been intended by the 23 June 1975 judgment that defendants were prohibited from filling orders received as a result of their then outstanding catalogs, clearer language to accomplish that prohibition should have been employed. We interpret the 23 June 1975 judgment as prohibiting defendants from using plaintiff's product numbering system in any future catalogs and as requiring defendants to act with reasonable diligence in issuing to its customers new catalogs in which none of the product identification numbers or other work product of plaintiff appear. The court's findings of fact indicate that this has been done.

The order appealed from is

Affirmed.

Judges BRITT and CLARK concur.