BETTIE LUE PATTERSON v. JOE GLEN PHILLIPS

No. 8125DC519

(Filed 16 March 1982)

**Appeal and Error § 6; Contempt of Court § 8— acquittal of criminal contempt—no right of appeal**

Plaintiff could not appeal from an order finding that an attorney was not guilty of criminal contempt in a proceeding seeking to hold the attorney in contempt based upon alleged interference with a child custody order. G.S. 5A-17.

APPEAL by plaintiff from *Vernon, Judge.* Order entered 13 February 1981 in District Court, CALDWELL County. Heard in the Court of Appeals 13 January 1982.

This is a domestic relations case in which the plaintiff sought to have defendant's attorney, William C. Palmer, held in contempt. Plaintiff's attorney filed an affidavit charging attorney Palmer with criminal contempt in harboring a child for the purpose of resisting and interfering with a court order granting temporary custody of the child to the plaintiff. A show cause order was issued and a hearing was held. An order was entered finding detailed facts as to attorney Palmer's conduct and concluding that the conduct did not constitute contempt. Plaintiff gave notice of appeal as to this order.

*Edward H. Blair, Jr., for plaintiff appellant.*

*Wilson, Palmer & Cannon, by Bruce L. Cannon, for respondent appellee William C. Palmer.*

ARNOLD, Judge.

Initially, we consider whether the trial court's order is appealable. G.S. 5A-17 provides, "A person found in criminal contempt may appeal in the manner provided for appeals in criminal actions, except appeal from a finding of contempt by a judicial official inferior to a superior court judge is by hearing de novo before a superior court judge." G.S. 5A-24 provides, "A person found in civil contempt may appeal in the manner provided for appeals in civil actions." Our statutes make no provision for appeal when a person is found not in contempt.

Patterson v. Phillips

We consider the appealability of such an order in *Equipment Co. v. Weant,* 30 N.C. App. 191, 226 S.E. 2d 688 (1976). In that case the plaintiff and defendants entered a consent judgment on 23 June 1975. Shortly thereafter, the plaintiff sought to have defendants held in contempt for violating the consent judgment. The trial court found defendants not guilty of contempt and the plaintiff appealed. This Court wrote:

> At the outset we face the question whether appeal lies to review an order dismissing a charge of indirect civil contempt. We hold that it does where, as here, the order affects a substantial right claimed by the appellant. G.S. 1-277(a). Had defendants been adjudged guilty of the contempt charged, they would have had the right to appeal expressly granted by statute, G.S. 5-2 [since repealed]. That statute, however, makes no reference to an appeal from an order adjudging an alleged contemnor not guilty, and our attention has been directed to no other statute or case authority of this State which expressly deals with the question. Decisions elsewhere are divided. *See* Annot. 24 A.L.R. 3d 650, "Appealability of Acquittal from or Dismissal of Charge of Contempt of Court." In the only North Carolina case cited in that Annotation, *Murray v. Berry,* 113 N.C. 46, 18 S.E. 78 (1893), our Supreme Court declined to review the action of the trial court in refusing to attach respondents for contempt. In that case, however, the Court found that the rights which plaintiffs sought to enforce by the contempt proceeding could be more properly determined in a pending civil action brought by respondents to partition land, title to which was in question. In the case now before us, we are aware of no other proceeding by which plaintiff can enforce its rights under the consent judgment dated 23 June 1975 than by the contempt proceedings which plaintiff now seeks to have us review. Since the order denying plaintiff the relief sought clearly affects a substantial right of the appellant, that is, the right to have the 23 June 1975 judgment enforced, we hold that the present appeal lies by virtue of G.S. 1-277(a). *See* § 7 of Annot., 24 A.L.R. 3d 650, cited *supra.*

30 N.C. App. at 194-95, 226 S.E. 2d at 690.

*Weant* involved a charge of civil contempt. The charges in the present case are in the nature of criminal contempt.

Proceedings for contempt are of two classes, criminal and civil. Criminal proceedings are those brought to preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders. Civil proceedings are those instituted to preserve and enforce the rights of the parties to actions and to compel obedience to orders and decrees made for the benefit of the suitors. Criminal proceedings, involving as they do offenses against the courts and organized society, are punitive in their nature, and the government, the courts, and the people are interested in their prosecution. Whereas civil proceedings, having as their underlying purpose the preservation of private rights, are primarily remedial and coercive in their nature, and are usually prosecuted at the instance of an aggrieved suitor. 12 Am. Jur., Contempt, section 6.

*Galyon v. Stutts*, 241 N.C. 120, 123, 84 S.E. 2d 822, 825 (1954); *see* G.S. 5A-11 and -21.

The present case is not like *Weant* in which the plaintiff was seeking to enforce her rights under a prior judgment or court order. Attorney Palmer did not have custody of the plaintiff's child at the time these proceedings were instituted, and the plaintiff was not seeking to regain custody or to enforce the child custody order by way of these contempt proceedings. Rather, the present proceedings were instituted to vindicate the dignity of the court and to punish attorney Palmer for his alleged interference with the custody order. Although they arise in a civil case, such contempt proceedings are criminal in nature. *Blue Jeans Corp. v. Clothing Workers*, 275 N.C. 503, 169 S.E. 2d 867 (1969). The government, the courts and the people have an interest in the prosecution of criminal contempt charges; however, the plaintiff individually has no substantial right to the relief requested. Attorney Palmer was absolved by the trial court, and we conclude that this acquittal does not affect any substantial right of the plaintiff. She may not appeal. Although there is some division of authority, we note that courts in other jurisdictions generally agree that no appeal lies to review an acquittal from criminal contempt charges. Annot., 24 A.L.R. 3d 650, § 3 (1969).

Appeal dismissed.

Judges CLARK and WHICHARD concur.