IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-441

Filed: 7 April 2020

Mecklenburg County, No. 15 CVD 20548

LAI YING TAM HARDY, Plaintiff

v.

MICHAEL FRANKLIN HARDY, Defendant

Appeal by Plaintiff from Order entered 21 December 2018 by Judge Aretha V. Blake in Mecklenburg County District Court. Heard in the Court of Appeals 29 October 2019.

*Moen Legal Counsel, by Lynna P. Moen, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

HAMPSON, Judge.

Lai Ying Tam Hardy (Plaintiff) appeals from an Order on Contempt concluding Michael Franklin Hardy (Defendant) was in criminal contempt for failure to pay spousal support but not in contempt for failure to pay child support. We dismiss this appeal because Plaintiff fails to establish this Court has jurisdiction, thus precluding appellate review.

**Factual and Procedural Background**

Plaintiff and Defendant were granted a Judgment of Dissolution in California on 2 November 2007 (California Order). As part of the California Order, Defendant

was required, starting in November 2007, to pay Plaintiff $750.00 per month in spousal support for three years and $1,065.00 per month in child support. Until approximately 2015, Plaintiff never sought, and Defendant never paid, any payments under the terms of the California Order.

On 5 November 2015, Plaintiff filed a petition for registration of the California Order in Mecklenburg County District Court. On 15 February 2018, Plaintiff filed a notice of registration of the California Order for enforcement purposes only in Mecklenburg County District Court. Thereafter, Plaintiff filed a Motion for Contempt with the Mecklenburg County District Court on 23 February 2018. In her Motion for Contempt, Plaintiff alleged "[Defendant] has willfully failed and refused to abide" by the California Order through his failure to pay either child or spousal support. Therefore, Plaintiff requested the trial court issue an "Order requiring [Defendant] to appear and show cause, if any he has, why he should not be held in contempt and punished for civil and/or criminal contempt." Plaintiff further prayed "[Defendant] be found in civil or criminal contempt for failure to comply with the [California Order]."

On 28 February 2018, the trial court entered an Order to Show Cause and Appear stating "it further appearing to the Court that there is probable cause to believe that contempt exists on the part of Defendant" and ordering Defendant "to appear and show cause, if any there be, why he should not be adjudged in willful

contempt of Court." Prior to a hearing on this Order, the trial court entered a Consent Order for Permanent Child Custody and Visitation (Consent Order) on 12 April 2018, which provided in relevant part—"The entry of this Consent Order resolves issues of child custody, child support, and attorney's fees, currently existing between [Plaintiff] and [Defendant] herein regarding the best interests, parenting time and general welfare of the parties' minor child."

On 12 October 2018, Plaintiff filed an Amended Notice of Hearing notifying Defendant "that the pending claim of Motion for Contempt and Motion to Establish Child Support Arrearage Schedule in the above-referenced matter is now set for trial for the 19th day of November, 2018[.]" On 16 October 2018, the trial court issued an Amended Order to Show Cause and Appear, which is identical to the 28 February 2018 Order to Show Cause and Appear except for changing the appearance date to 19 November 2018.

On 19 November 2018, Plaintiff and Defendant, both represented by counsel, appeared before the trial court for a contempt hearing. At no point during the hearing did either party or the trial court clarify whether the proceeding was for criminal or civil contempt. On 21 December 2018, the trial court entered its Order on Contempt. The Order begins by noting the 19 November 2018 hearing came on for hearing "upon Plaintiff's Motion for Contempt" but does not mention its own Amended Order to Show Cause and Appear. The Order on Contempt found the "Consent Order was

entered that resolved the issues of permanent child custody and child support, but did not address spousal support"; "[Plaintiff's] basis for contempt upon the issues of child support and attorney's fees was negated by the Consent Order . . . , which resolved issues of child support then existing between the parties, including then-pending Motion for Contempt"; and "[Defendant] has failed to pay spousal support per the stipulations of the California Order [and Defendant] is in willful violation of the [California Order]."

Based on these Findings, the trial court concluded "there is no basis for a finding of contempt against [Defendant] regarding the issue of child support" and that "[Defendant] is in criminal [contempt] for failing to comply with the [California] Order on spousal support." Accordingly, the Decretal Section of the Order on Contempt stated in relevant part:

> 1. [Plaintiff's] motion for contempt regarding child support is denied.
>
> 2. [Plaintiff's] motion for contempt regarding spousal support is granted.
>
> 3. [Defendant] is in criminal contempt for failure to pay spousal support.
>
> 4. [Defendant] is sentenced to fifteen (15) days incarceration. The foregoing sentence is suspended and [Defendant] shall be on unsupervised probation for six months under the following terms and conditions:
>
>    a.   [Defendant] shall pay to [Plaintiff] $168.75 per month beginning January 15, 2019.

5. Each party shall bear their own costs for this action. [Plaintiff's] claim for attorney's fees is denied as attorney's fees are not recoverable upon a finding of criminal contempt.

On 18 February 2019, Plaintiff filed Notice of Appeal to this Court from the Order on Contempt.

**Failure to Establish Grounds for Appellate Jurisdiction**

"It is well established that the appellant bears the burden of showing to this Court that the appeal is proper." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). "Where the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed." *Id.* (citation omitted).

Here, Plaintiff's statement of grounds for appellate review states: "This appeal is from a final judgment of a district court in a civil action; thus appeal lies of right directly to this Court. N.C. Gen. Stat. § 7A-27(c) (2012)." Plaintiff cites a repealed version of Section 7A-27, which is now found at Section 7A-27(b)(2). *See* 2013 N.C. Sess. Law 411, § 1 (N.C. 2013); *see also* N.C. Gen. Stat. § 7A-27(b)(2) (2019). More significantly though, Plaintiff fails to acknowledge Chapter 5A of our General Statutes governs both civil and criminal contempt proceedings, including specifically the right to appeal. Moreover, Plaintiff fails to articulate any basis for appealing from an order *denying* her contempt motion and, in particular, fails to distinguish whether the trial court's denial was grounded in civil or criminal contempt.

The distinction between civil and criminal contempt is important.

> At the outset we note that contempt in this jurisdiction may be of two kinds, civil or criminal, although we have stated that the demarcation between the two may be hazy at best. Criminal contempt is generally applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. Civil contempt is a term applied where the proceeding is had to preserve the rights of private parties and to compel obedience to orders and decrees made for the benefit of such parties.
>
> A major factor in determining whether contempt is civil or criminal is the purpose for which the power is exercised. Where the punishment is to preserve the court's authority and to punish disobedience of its orders, it is criminal contempt. Where the purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil. *The importance in distinguishing between criminal and civil contempt lies in the difference in procedure, punishment, and right of review.*

*O'Briant v. O'Briant*, 313 N.C. 432, 434, 329 S.E.2d 370, 372 (1985) (emphasis added) (citations omitted); *see also Hancock v. Hancock*, 122 N.C. App. 518, 522, 471 S.E.2d 415, 418 (1996) (explaining "the character of the relief is dispositive of the distinction between criminal and civil contempt, and where the relief is imprisonment, but the contemnor may avoid or terminate imprisonment by performing an act required by the court, then the contempt is civil in nature" (citation omitted)).

Willful noncompliance with a court order may constitute either criminal or civil contempt. *See* N.C. Gen. Stat. §§ 5A-11(a)(3); -21(a) (2019). The process for instituting either a civil or criminal contempt proceeding is set by statute. *See id.* §§ 5A-14, -15; -23 (2019) (summary proceeding for criminal, plenary proceeding for

criminal, and civil, respectively). Pursuant to Section 5A-15, a judicial official may

institute plenary criminal contempt proceedings[1] "by an order directing the person to

appear before a judge at a reasonable time specified in the order and show cause why

he should not be held in contempt of court." *Id.* § 5A-15(a). Whereas, civil contempt

proceedings may be initiated:

> (1) by the order of a judicial official directing the alleged
> contemnor to appear at a specified reasonable time and show
> cause why he should not be held in civil contempt; (2) by the notice
> of a judicial official that the alleged contemnor will be held in
> contempt unless he appears at a specified reasonable time and
> shows cause why he should not be held in contempt; or (3) by
> motion of an aggrieved party giving notice to the alleged
> contemnor to appear before the court for a hearing on whether the
> alleged contemnor should be held in civil contempt.

*Cumberland Cty. v. Manning*, ___ N.C. App. ___, ___, 822 S.E.2d 305, 308 (2018)

(citations and quotation marks omitted).

In civil contempt, "[a]n alleged contemnor has the burden of proof under the

first two methods used to initiate a show cause proceeding." *Cumberland Cty. ex rel.*

*Lee v. Lee*, ___ N.C. App. ___, ___, 828 S.E.2d 548, 551 (citation omitted), *disc. rev.*

*denied*, 372 N.C. 708, 830 S.E.2d 836 (2019). "However, if an aggrieved party initiates

a show cause proceeding instead of a judicial official, the burden of proof is on the

aggrieved party instead, because there has not been a judicial finding of probable

cause." *Id.* (citation and quotation marks omitted). On the other hand, in a show-

---

[1] A trial court may also institute summary criminal contempt proceedings for *direct* criminal contempt under Section 5A-14. *See id.* § 5A-14(a).

cause proceeding for *criminal* contempt, the contemnor does not have the burden of proof; rather, the "trial court must find facts supporting . . . contempt, and the facts must be established beyond a reasonable doubt." *State v. Phillips*, 230 N.C. App. 382, 385, 750 S.E.2d 43, 45 (2013) (alterations, citation, and quotation marks omitted).

Importantly, the appeal process differs markedly between civil and criminal contempt orders entered in district court. Section 5A-17(a) provides—"A person found in criminal contempt may appeal in the manner provided for appeals in criminal actions, *except appeal from a finding of contempt by a judicial officer inferior to a superior court judge is by hearing de novo before a superior court judge*." N.C. Gen. Stat. § 5A-17(a) (2019) (emphasis added). Whereas, Section 5A-24 provides—"A person found in civil contempt may appeal in the manner provided for appeals in civil actions." *Id.* § 5A-24 (2019). Further, as a general principle, "[o]ur statutes make no provision for appeal when a person is found not in contempt." *Patterson v. Phillips*, 56 N.C. App. 454, 454, 289 S.E.2d 48, 49 (1982). Thus, there is no individual right to appeal a trial court's decision not to hold an alleged contemnor in criminal contempt. *See id.* at 456, 289 S.E.2d at 50 ("The government, the courts and the people have an interest in the prosecution of criminal contempt charges; however, the plaintiff individually has no substantial right to the relief requested."). In the civil contempt context, however, our Court has recognized a right to appeal the dismissal of a civil contempt charge so long as "the order affects a substantial right claimed by the

appellant." *Equipment Co. v. Weant*, 30 N.C. App. 191, 194, 226 S.E.2d 688, 690 (1976) (citation omitted).

Here, it is not entirely clear Plaintiff has *any* right to appeal the Order on Contempt.[2] Although the trial court expressly found Defendant in criminal contempt for failure to pay spousal support, the Order on Contempt only states Plaintiff's "motion for contempt regarding child support is denied." Plaintiff cites no specific authority allowing for appellate review of this Order. If this conclusion by the trial court relates to *criminal* contempt, then Plaintiff has no right to appeal the Order. *See Patterson*, 56 N.C. App. at 454-56, 289 S.E.2d at 49-50 (citations omitted). Further, even assuming the trial court's conclusion Defendant was not in contempt regarding child support relates to *civil* contempt, Plaintiff's brief still fails to articulate why or how this appeal is proper. As discussed *supra*, the right to appeal

---

[2] Neither the process employed by the parties and the trial court nor the trial court's Order on Contempt is a model of clarity. For instance, Plaintiff in her Motion for Contempt requested the trial court issue a show-cause order ordering Defendant to show cause "why he should not be held in contempt and punished for civil and/or criminal contempt." The trial court's Order to Show Cause and Appear states only "it further appearing to the Court that there is probable cause to believe that contempt exists on the part of Defendant[.]" At the contempt hearing, neither the trial court nor the parties clarified whether the proceeding was for civil contempt, criminal contempt, or both. When rendering its ruling on criminal contempt for failure to pay spousal support, the trial court based its ruling in part on Defendant's "failure to meet his burden that he was not in willful noncompliance" with the California Order; however, Defendant does not bear the burden in criminal contempt proceedings. *See Phillips*, 230 N.C. App. at 385, 750 S.E.2d at 45 (citation omitted). Indeed, the trial court failed to provide Defendant with the protections afforded an alleged contemnor in criminal contempt, including the right against self-incrimination. *See Bishop v. Bishop*, 90 N.C. App. 499, 505-06, 369 S.E.2d 106, 109-10 (1988) (citation omitted). Although the trial court expressly found Defendant in *criminal* contempt for failing to pay spousal support in its Order on Contempt, the trial court failed to designate whether its finding of no contempt regarding child support was based on civil or criminal contempt.

the dismissal of a civil contempt charge only exists if "the order affects a substantial right claimed by the appellant." *Weant*, 30 N.C. App. at 194, 226 S.E.2d at 690 (citation omitted). Plaintiff, however, makes no argument a substantial right of Plaintiff's will be affected absent review by this Court of the Order on Contempt. Although such an argument could potentially be made, "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). Plaintiff's failure to present any adequate basis upon which we can determine whether this Court has jurisdiction to review her appeal precludes our ability to substantively review this case and constitutes a failure to meet her burden to establish this Court's jurisdiction. *See Johnson*, 168 N.C. App. at 518, 608 S.E.2d at 338 (citation omitted).

Indeed, Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure specifically requires an appellant's brief to include a statement of the grounds for appellate review, which "*shall include citation of the statute or statutes permitting appellate review.*" N.C.R. App. P. 28(b)(4) (emphasis added). It is unclear whether the trial court's denial of contempt was grounded in civil or criminal contempt, and Plaintiff fails to establish any ground, statutory or otherwise, for appealing the portion of the trial court's Order denying contempt. This constitutes a substantial violation of the appellate rules, impairing our review. *See Dogwood Dev. & Mgmt.*

*Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 366-67 (2008) (citations omitted).  Therefore, we must dismiss this appeal.

## **<u>Conclusion</u>**

Accordingly, for the foregoing reasons, we dismiss Plaintiff's appeal.

APPEAL DISMISSED.

Judges INMAN and BERGER concur.