IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-441

 Filed: 7 April 2020

Mecklenburg County, No. 15 CVD 20548

LAI YING TAM HARDY, Plaintiff

 v.

MICHAEL FRANKLIN HARDY, Defendant

 Appeal by Plaintiff from Order entered 21 December 2018 by Judge Aretha V.

Blake in Mecklenburg County District Court. Heard in the Court of Appeals 29

October 2019.

 Moen Legal Counsel, by Lynna P. Moen, for plaintiff-appellant.

 No brief filed on behalf of defendant-appellee.

 HAMPSON, Judge.

 Lai Ying Tam Hardy (Plaintiff) appeals from an Order on Contempt concluding

Michael Franklin Hardy (Defendant) was in criminal contempt for failure to pay

spousal support but not in contempt for failure to pay child support. We dismiss this

appeal because Plaintiff fails to establish this Court has jurisdiction, thus precluding

appellate review.

 Factual and Procedural Background

 Plaintiff and Defendant were granted a Judgment of Dissolution in California

on 2 November 2007 (California Order). As part of the California Order, Defendant
 HARDY V. HARDY

 Opinion of the Court

was required, starting in November 2007, to pay Plaintiff $750.00 per month in

spousal support for three years and $1,065.00 per month in child support. Until

approximately 2015, Plaintiff never sought, and Defendant never paid, any payments

under the terms of the California Order.

 On 5 November 2015, Plaintiff filed a petition for registration of the California

Order in Mecklenburg County District Court. On 15 February 2018, Plaintiff filed a

notice of registration of the California Order for enforcement purposes only in

Mecklenburg County District Court. Thereafter, Plaintiff filed a Motion for Contempt

with the Mecklenburg County District Court on 23 February 2018. In her Motion for

Contempt, Plaintiff alleged “[Defendant] has willfully failed and refused to abide” by

the California Order through his failure to pay either child or spousal support.

Therefore, Plaintiff requested the trial court issue an “Order requiring [Defendant]

to appear and show cause, if any he has, why he should not be held in contempt and

punished for civil and/or criminal contempt.” Plaintiff further prayed “[Defendant]

be found in civil or criminal contempt for failure to comply with the [California

Order].”

 On 28 February 2018, the trial court entered an Order to Show Cause and

Appear stating “it further appearing to the Court that there is probable cause to

believe that contempt exists on the part of Defendant” and ordering Defendant “to

appear and show cause, if any there be, why he should not be adjudged in willful

 -2-
 HARDY V. HARDY

 Opinion of the Court

contempt of Court.” Prior to a hearing on this Order, the trial court entered a Consent

Order for Permanent Child Custody and Visitation (Consent Order) on 12 April 2018,

which provided in relevant part—“The entry of this Consent Order resolves issues of

child custody, child support, and attorney’s fees, currently existing between [Plaintiff]

and [Defendant] herein regarding the best interests, parenting time and general

welfare of the parties’ minor child.”

 On 12 October 2018, Plaintiff filed an Amended Notice of Hearing notifying

Defendant “that the pending claim of Motion for Contempt and Motion to Establish

Child Support Arrearage Schedule in the above-referenced matter is now set for trial

for the 19th day of November, 2018[.]” On 16 October 2018, the trial court issued an

Amended Order to Show Cause and Appear, which is identical to the 28 February

2018 Order to Show Cause and Appear except for changing the appearance date to

19 November 2018.

 On 19 November 2018, Plaintiff and Defendant, both represented by counsel,

appeared before the trial court for a contempt hearing. At no point during the hearing

did either party or the trial court clarify whether the proceeding was for criminal or

civil contempt. On 21 December 2018, the trial court entered its Order on Contempt.

The Order begins by noting the 19 November 2018 hearing came on for hearing “upon

Plaintiff’s Motion for Contempt” but does not mention its own Amended Order to

Show Cause and Appear. The Order on Contempt found the “Consent Order was

 -3-
 HARDY V. HARDY

 Opinion of the Court

entered that resolved the issues of permanent child custody and child support, but

did not address spousal support”; “[Plaintiff’s] basis for contempt upon the issues of

child support and attorney’s fees was negated by the Consent Order . . . , which

resolved issues of child support then existing between the parties, including then-

pending Motion for Contempt”; and “[Defendant] has failed to pay spousal support

per the stipulations of the California Order [and Defendant] is in willful violation of

the [California Order].”

 Based on these Findings, the trial court concluded “there is no basis for a

finding of contempt against [Defendant] regarding the issue of child support” and

that “[Defendant] is in criminal [contempt] for failing to comply with the [California]

Order on spousal support.” Accordingly, the Decretal Section of the Order on

Contempt stated in relevant part:

 1. [Plaintiff’s] motion for contempt regarding child support is
 denied.

 2. [Plaintiff’s] motion for contempt regarding spousal support is
 granted.

 3. [Defendant] is in criminal contempt for failure to pay spousal
 support.

 4. [Defendant] is sentenced to fifteen (15) days incarceration.
 The foregoing sentence is suspended and [Defendant] shall be
 on unsupervised probation for six months under the following
 terms and conditions:

 a. [Defendant] shall pay to [Plaintiff] $168.75 per month
 beginning January 15, 2019.

 -4-
 HARDY V. HARDY

 Opinion of the Court

 5. Each party shall bear their own costs for this action.
 [Plaintiff’s] claim for attorney’s fees is denied as attorney’s fees
 are not recoverable upon a finding of criminal contempt.

On 18 February 2019, Plaintiff filed Notice of Appeal to this Court from the Order on

Contempt.

 Failure to Establish Grounds for Appellate Jurisdiction

 “It is well established that the appellant bears the burden of showing to this

Court that the appeal is proper.” Johnson v. Lucas, 168 N.C. App. 515, 518, 608

S.E.2d 336, 338, aff’d per curiam, 360 N.C. 53, 619 S.E.2d 502 (2005). “Where the

appellant fails to carry the burden of making such a showing to the court, the appeal

will be dismissed.” Id. (citation omitted).

 Here, Plaintiff’s statement of grounds for appellate review states: “This appeal

is from a final judgment of a district court in a civil action; thus appeal lies of right

directly to this Court. N.C. Gen. Stat. § 7A-27(c) (2012).” Plaintiff cites a repealed

version of Section 7A-27, which is now found at Section 7A-27(b)(2). See 2013 N.C.

Sess. Law 411, § 1 (N.C. 2013); see also N.C. Gen. Stat. § 7A-27(b)(2) (2019). More

significantly though, Plaintiff fails to acknowledge Chapter 5A of our General

Statutes governs both civil and criminal contempt proceedings, including specifically

the right to appeal. Moreover, Plaintiff fails to articulate any basis for appealing from

an order denying her contempt motion and, in particular, fails to distinguish whether

the trial court’s denial was grounded in civil or criminal contempt.

 -5-
 HARDY V. HARDY

 Opinion of the Court

 The distinction between civil and criminal contempt is important.

 At the outset we note that contempt in this jurisdiction may
 be of two kinds, civil or criminal, although we have stated that
 the demarcation between the two may be hazy at best. Criminal
 contempt is generally applied where the judgment is in
 punishment of an act already accomplished, tending to interfere
 with the administration of justice. Civil contempt is a term
 applied where the proceeding is had to preserve the rights of
 private parties and to compel obedience to orders and decrees
 made for the benefit of such parties.

 A major factor in determining whether contempt is civil or
 criminal is the purpose for which the power is exercised. Where
 the punishment is to preserve the court’s authority and to punish
 disobedience of its orders, it is criminal contempt. Where the
 purpose is to provide a remedy for an injured suitor and to coerce
 compliance with an order, the contempt is civil. The importance
 in distinguishing between criminal and civil contempt lies in the
 difference in procedure, punishment, and right of review.

O’Briant v. O’Briant, 313 N.C. 432, 434, 329 S.E.2d 370, 372 (1985) (emphasis added)

(citations omitted); see also Hancock v. Hancock, 122 N.C. App. 518, 522, 471 S.E.2d

415, 418 (1996) (explaining “the character of the relief is dispositive of the distinction

between criminal and civil contempt, and where the relief is imprisonment, but the

contemnor may avoid or terminate imprisonment by performing an act required by

the court, then the contempt is civil in nature” (citation omitted)).

 Willful noncompliance with a court order may constitute either criminal or civil

contempt. See N.C. Gen. Stat. §§ 5A-11(a)(3); -21(a) (2019). The process for

instituting either a civil or criminal contempt proceeding is set by statute. See id. §§

5A-14, -15; -23 (2019) (summary proceeding for criminal, plenary proceeding for

 -6-
 HARDY V. HARDY

 Opinion of the Court

criminal, and civil, respectively). Pursuant to Section 5A-15, a judicial official may

institute plenary criminal contempt proceedings1 “by an order directing the person to

appear before a judge at a reasonable time specified in the order and show cause why

he should not be held in contempt of court.” Id. § 5A-15(a). Whereas, civil contempt

proceedings may be initiated:

 (1) by the order of a judicial official directing the alleged
 contemnor to appear at a specified reasonable time and show
 cause why he should not be held in civil contempt; (2) by the notice
 of a judicial official that the alleged contemnor will be held in
 contempt unless he appears at a specified reasonable time and
 shows cause why he should not be held in contempt; or (3) by
 motion of an aggrieved party giving notice to the alleged
 contemnor to appear before the court for a hearing on whether the
 alleged contemnor should be held in civil contempt.

Cumberland Cty. v. Manning, ___ N.C. App. ___, ___, 822 S.E.2d 305, 308 (2018)

(citations and quotation marks omitted).

 In civil contempt, “[a]n alleged contemnor has the burden of proof under the

first two methods used to initiate a show cause proceeding.” Cumberland Cty. ex rel.

Lee v. Lee, ___ N.C. App. ___, ___, 828 S.E.2d 548, 551 (citation omitted), disc. rev.

denied, 372 N.C. 708, 830 S.E.2d 836 (2019). “However, if an aggrieved party initiates

a show cause proceeding instead of a judicial official, the burden of proof is on the

aggrieved party instead, because there has not been a judicial finding of probable

cause.” Id. (citation and quotation marks omitted). On the other hand, in a show-

 1A trial court may also institute summary criminal contempt proceedings for direct criminal
contempt under Section 5A-14. See id. § 5A-14(a).

 -7-
 HARDY V. HARDY

 Opinion of the Court

cause proceeding for criminal contempt, the contemnor does not have the burden of

proof; rather, the “trial court must find facts supporting . . . contempt, and the facts

must be established beyond a reasonable doubt.” State v. Phillips, 230 N.C. App. 382,

385, 750 S.E.2d 43, 45 (2013) (alterations, citation, and quotation marks omitted).

 Importantly, the appeal process differs markedly between civil and criminal

contempt orders entered in district court. Section 5A-17(a) provides—“A person

found in criminal contempt may appeal in the manner provided for appeals in

criminal actions, except appeal from a finding of contempt by a judicial officer inferior

to a superior court judge is by hearing de novo before a superior court judge.” N.C.

Gen. Stat. § 5A-17(a) (2019) (emphasis added). Whereas, Section 5A-24 provides—“A

person found in civil contempt may appeal in the manner provided for appeals in civil

actions.” Id. § 5A-24 (2019). Further, as a general principle, “[o]ur statutes make no

provision for appeal when a person is found not in contempt.” Patterson v. Phillips,

56 N.C. App. 454, 454, 289 S.E.2d 48, 49 (1982). Thus, there is no individual right to

appeal a trial court’s decision not to hold an alleged contemnor in criminal contempt.

See id. at 456, 289 S.E.2d at 50 (“The government, the courts and the people have an

interest in the prosecution of criminal contempt charges; however, the plaintiff

individually has no substantial right to the relief requested.”). In the civil contempt

context, however, our Court has recognized a right to appeal the dismissal of a civil

contempt charge so long as “the order affects a substantial right claimed by the

 -8-
 HARDY V. HARDY

 Opinion of the Court

appellant.” Equipment Co. v. Weant, 30 N.C. App. 191, 194, 226 S.E.2d 688, 690

(1976) (citation omitted).

 Here, it is not entirely clear Plaintiff has any right to appeal the Order on

Contempt. 2 Although the trial court expressly found Defendant in criminal contempt

for failure to pay spousal support, the Order on Contempt only states Plaintiff’s

“motion for contempt regarding child support is denied.” Plaintiff cites no specific

authority allowing for appellate review of this Order. If this conclusion by the trial

court relates to criminal contempt, then Plaintiff has no right to appeal the Order.

See Patterson, 56 N.C. App. at 454-56, 289 S.E.2d at 49-50 (citations omitted).

Further, even assuming the trial court’s conclusion Defendant was not in contempt

regarding child support relates to civil contempt, Plaintiff’s brief still fails to

articulate why or how this appeal is proper. As discussed supra, the right to appeal

 2 Neither the process employed by the parties and the trial court nor the trial court’s Order on
Contempt is a model of clarity. For instance, Plaintiff in her Motion for Contempt requested the trial
court issue a show-cause order ordering Defendant to show cause “why he should not be held in
contempt and punished for civil and/or criminal contempt.” The trial court’s Order to Show Cause and
Appear states only “it further appearing to the Court that there is probable cause to believe that
contempt exists on the part of Defendant[.]” At the contempt hearing, neither the trial court nor the
parties clarified whether the proceeding was for civil contempt, criminal contempt, or both. When
rendering its ruling on criminal contempt for failure to pay spousal support, the trial court based its
ruling in part on Defendant’s “failure to meet his burden that he was not in willful noncompliance”
with the California Order; however, Defendant does not bear the burden in criminal contempt
proceedings. See Phillips, 230 N.C. App. at 385, 750 S.E.2d at 45 (citation omitted). Indeed, the trial
court failed to provide Defendant with the protections afforded an alleged contemnor in criminal
contempt, including the right against self-incrimination. See Bishop v. Bishop, 90 N.C. App. 499, 505-
06, 369 S.E.2d 106, 109-10 (1988) (citation omitted). Although the trial court expressly found
Defendant in criminal contempt for failing to pay spousal support in its Order on Contempt, the trial
court failed to designate whether its finding of no contempt regarding child support was based on civil
or criminal contempt.

 -9-
 HARDY V. HARDY

 Opinion of the Court

the dismissal of a civil contempt charge only exists if “the order affects a substantial

right claimed by the appellant.” Weant, 30 N.C. App. at 194, 226 S.E.2d at 690

(citation omitted). Plaintiff, however, makes no argument a substantial right of

Plaintiff’s will be affected absent review by this Court of the Order on Contempt.

Although such an argument could potentially be made, “[i]t is not the role of the

appellate courts . . . to create an appeal for an appellant.” Viar v. N.C. Dep’t of

Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). Plaintiff’s failure to present

any adequate basis upon which we can determine whether this Court has jurisdiction

to review her appeal precludes our ability to substantively review this case and

constitutes a failure to meet her burden to establish this Court’s jurisdiction. See

Johnson, 168 N.C. App. at 518, 608 S.E.2d at 338 (citation omitted).

 Indeed, Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure

specifically requires an appellant’s brief to include a statement of the grounds for

appellate review, which “shall include citation of the statute or statutes permitting

appellate review.” N.C.R. App. P. 28(b)(4) (emphasis added). It is unclear whether

the trial court’s denial of contempt was grounded in civil or criminal contempt, and

Plaintiff fails to establish any ground, statutory or otherwise, for appealing the

portion of the trial court’s Order denying contempt. This constitutes a substantial

violation of the appellate rules, impairing our review. See Dogwood Dev. & Mgmt.

 - 10 -
 HARDY V. HARDY

 Opinion of the Court

Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 366-67 (2008)

(citations omitted). Therefore, we must dismiss this appeal.

 Conclusion

 Accordingly, for the foregoing reasons, we dismiss Plaintiff’s appeal.

 APPEAL DISMISSED.

 Judges INMAN and BERGER concur.

 - 11 -