## W. R. ALBRIGHT *vs.* JOHN G. ALBRIGHT.

When a defendant in a civil action offered in evidence, as a counter-claim to plaintiff's demand, a note bearing date in October, 1852, and tendered himself as a witness to rebut the presumption of payment; *Held*, that under the act of 1866, he was a competent witness for that purpose.

This was a civil action, tried before *Tourgee, J.,* at Spring Term, 1872, of ALAMANCE Superior Court.

The action was brought upon a bond for the recovery of money. The defendant in his answer, by way of counter-claim, set up a bond executed by plaintiff on the 21st October, 1852, for $61.50. Plaintiff insisted upon the presumption of payment of said bond.

The defendant offered to prove, by his own oath, that said bond had been delivered to him on the date thereof and had been constantly in his possession, and his sole property, from that date to the present, and that it had not been paid in whole or in part. His Honor held the evidence to be inadmissible, and that the defendant could not prove by his own oath that the bond in question had been in his possession, and had never been paid, either to himself or any one authorized by him to receive payment thereof.

Defendant excepted to this ruling. Verdict and judgment for plaintiff. Appeal by defendant.

*Dillard & Gilmer*, for plaintiff.
*Parker*, for defendant.

BOYDEN, J. The only question, in this case, is upon the rejection of the evidence, offered on the part of the plaintiff, to prove by his own oath, that the bond for sixty-one dollars and fifty cents, payable one day after date, and dated the 21st day of October, 1852, had not been paid in whole or in part.

His Honor rejected the evidence, upon what ground his Honor does not inform us, nor does the counsel for the defendant.

It is true, that when the bond was given, and until the Act of 1866, to improve the law of evidence, the defendant was an incompetent witness, on account of interest, but that statute abolished the law excluding witnesses on account of interest, and made parties as well as other interested witnesses competent to testify, leaving the jury to give such weight, to the testimony of such witnesses, as they believed it entitled to. Under the statute the testimony offered was competent, and there is error. This will be certified.

PER CURIAM. *Venire de novo.*