STATE OF NORTH CAROLINA v. VERNON WALL

No. 8020SC261

(Filed 2 December 1980)

1. Constitutional Law § 49— waiver of counsel — no prejudice shown

Defendant did not show prejudicial error where the record showed he voluntarily waived his right to counsel without being advised of his right to counsel if he was indigent and without any showing that he was in fact indigent.

2. Contempt of Court § 6.3— contacting witness in civil case — sufficiency of evidence of contempt

Evidence that defendant had contacted a witness in a civil case and had encouraged her to disobey a subpoena and not to testify was sufficient to support the trial court's findings of fact, and the findings supported the court's conclusion that defendant was in contempt of court. G.S. 5A-11(a)(3).

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 10 October 1979 in Superior Court, UNION County. Heard in the Court of Appeals 16 September 1980.

Defendant was cited to appear before Judge Robert Burroughs and show cause why he should not be held in contempt. At the outset of the hearing, the following colloquy occurred between Judge Burroughs and the defendant:

"COURT: . . . Mr. Wall do you have an attorney?

VERNON WALL: I am here by myself. I don't want one.

COURT: You want an attorney?

VERNON WALL: No, sir, I don't want an attorney.

COURT: Mr. Wall advised in open court he did not have an attorney and did not want an attorney."

Mr. Wall subsequently represented himself at the hearing.

Linda Taylor testified that she received a telephone call from the defendant several days before a civil action was to be tried in which the defendant was a party. Mrs. Taylor further testified that the defendant told her she "was to be served a subpoena and for me to leave town." She also testified that she "was scared to come to Court as a result of [that] conversation." She nevertheless responded to the subpoena and appeared in court.

Defendant testified in his own behalf. He admitted that he had called Mrs. Taylor but denied he asked her to leave town.

At the conclusion of the hearing, the court entered an order in which it found as facts that the defendant had contacted a witness in a civil case and encouraged the witness not to testify which was a "wilful direct contempt of Superior Court of Union County, North Carolina" and committed him to the common jail of Union County for not less nor more than 30 days.

Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*James E. Griffin for defendant appellant.*

WEBB, Judge.

**[1]**  The defendant's first assignment of error is to the court's advice to the defendant in regard to his right to counsel. Defendant contends no inquiry was made as to his indigency, and he was not properly advised of his right to counsel if he was indigent. The defendant was entitled to be represented by counsel. Since he faced a possible prison sentence, he was entitled to have the State provide him with an attorney if he could not afford one. G.S. 7A-451(a)(1). In this case, the defendant informed the court he did not want an attorney. The court did not advise the defendant he was entitled to have the State provide him with an attorney if he could not afford one. There is nothing in the record to show the defendant was indigent. The question posed by this assignment of error is whether the defendant has shown prejudicial error when the record shows he voluntarily waived his right to counsel without being advised of his right to counsel if he was indigent and without any showing that he was in fact indigent. We hold the defendant has not shown prejudicial error.

**[2]**  The defendant next assigns error to the findings of fact and conclusions of law. The defendant was charged with criminal contempt. G.S. 5A-11 provides:

> (a) Except as provided in subsection (b), each of the following is criminal contempt:

* * *

(3) Willful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution.

There was evidence that the defendant called Mrs. Taylor and tried to get her not to obey a subpoena to be issued by the court. Mrs. Taylor was frightened by the call, but she obeyed the subpoena and appeared in court. The court found facts in accordance with this evidence and concluded that the defendant was in violation of G.S. 5A-11(a)(3). We hold the evidence supports the findings of fact and the findings support the conclusion of law.

We note that in its order the court stated the defendant was in direct contempt of court. Since the call to Mrs. Taylor was not within the sight or hearing of a presiding judicial official or in immediate proximity of the courtroom, it should have been denominated indirect contempt. *See* G.S. 5A-13. This makes no difference as to the disposition of the case.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.