PAUL E. MICHAEL v. PHYLLIS RAY MICHAEL

No. 8522DC223

(Filed 19 November 1985)

**Contempt of Court § 8— criminal contempt order in district court—appeal to superior court**

　　G.S. 5A-17 vests exclusive jurisdiction in the superior court to hear appeals from orders in the district court holding a person in criminal contempt.

APPEAL by plaintiff from *Cathey, Judge.* Order entered 17 October 1984 in District Court, DAVIE County. Heard in the Court of Appeals 5 November 1985.

*Randolph and Tamer, by Clyde C. Randolph, Jr., and Rebekah L. Randolph, for plaintiff, appellant.*

*Wilson, Degraw, Johnson & Miller, by Dan S. Johnson, for defendant, appellee.*

HEDRICK, Chief Judge.

This proceeding commenced when plaintiff husband filed a complaint seeking a divorce from bed and board, and defendant wife filed an answer and counterclaim seeking divorce from bed and board, alimony pendente lite, custody of their two children, child support, and attorney fees. Judgment was entered on 15 April 1983 wherein the trial judge made findings of fact and conclusions of law, which are summarized as follows:

That plaintiff is the supporting spouse as defined in G.S. 50-16.1(4) and defendant is the dependent spouse as defined in G.S. 50-16.1(3); that plaintiff's reasonable monthly expenses are $500.00; that $1,200.00 per month is a reasonable amount of child support considering the incomes, estate and expenses of the parties; that $600.00 per month alimony pendente lite is reasonable considering the incomes, estate and expenses of the parties; that plaintiff is to maintain the mortgage payments on their house in the amount of $1,279.29 per month; that plaintiff's income in 1980 was in excess of $83,000.00; that plaintiff's income in 1981 was in excess of $45,000.00; that plaintiff filed a financial statement with Southern National Bank showing total assets of $567,500.00, and a salary and commission of $75,000.00 for 1982; that plaintiff ceased operating his business in December 1982 and did not seek additional employment until February 1983.

On 13 June 1983 plaintiff was ordered to appear and show cause as to why he should not be held in contempt of court for willful failure to pay defendant pursuant to the order entered on 6 April 1983. Plaintiff was subsequently found in civil contempt. On 28 February 1984 a second order to show cause was filed, and plaintiff was found in civil contempt again.

On 17 October 1984, the trial court conducted a hearing upon a third motion to show cause. After hearing evidence the court made findings of fact and concluded that plaintiff was in criminal contempt for his failure to comply with the previous orders of the court. Plaintiff was ordered imprisoned in the Davie County Jail for thirty days. From this order of the District Court plaintiff gave notice of appeal to the North Carolina Court of Appeals.

Plaintiff's appeal to this Court was from an order finding him in criminal contempt under G.S. 5A-11(a)(3) for willful disobedience of, resistance to, or interference with a court's lawful order. G.S. 5A-17 provides:

A person found in criminal contempt may appeal in the manner provided for appeals in criminal actions, except appeal from a finding of contempt by a judicial officer inferior to a superior court judge is by hearing de novo before a superior court judge.

This statute vests exclusive jurisdiction in the superior court to hear appeals from orders in the district court holding a person in criminal contempt.

Plaintiff's appeal from Judge Cathey's order of 17 October 1984 is dismissed.

Judges WELLS and EAGLES concur.