BROOKS v. JONES

[121 N.C. App. 529 (1996)]

KATHY BROOKS (JONES) v. TERRY L. JONES

No. COA95-371

(Filed 6 February 1996)

**Appeal and Error § 384 (NCI4th)— proposed record on appeal—failure to serve in timely fashion—appeal dismissed**

Defendant's appeal is dismissed for failure to serve the proposed record on appeal in a timely fashion; however, even if the record on appeal had been served within the time provided by the district court, the Court of Appeals would have had jurisdiction of the appeal of the child support modification order, but would not have had jurisdiction of the appeal of the criminal contempt order. N.C. R. App. P. 25(b).

**Am Jur 2d, Appellate Review § 302.**

**What constitutes bringing an action to trial or other activity in case sufficient to avoid dismissal under state statute or court rule requiring such activity within stated time. 32 ALR4th 840.**

Appeal by defendant from order entered 4 November 1994 by Judge Samuel S. Stephenson and order entered 28 November 1994 by Judge Frank Lanier in Lee County District Court. Heard in the Court of Appeals 11 January 1996.

*Harrington, Ward, Gilleland & Winstead, by Eddie S. Winstead, III, for plaintiff appellee.*

*Staton, Perkinson, Doster, Post, Silverman and Adcock, by Jonathan Silverman and Elizabeth Myrick Boone, for defendant appellant.*

PER CURIAM.

On 3 September 1993 defendant moved for modification of child support due to his unemployment. On 4 November 1994 the district court judge entered a child support order providing for modification of child support, payment of arrearages, medical expenses and continuation of child custody. Defendant failed to make child support payments as mandated by such order and was found in criminal con-

METRIC CONSTRUCTORS, INC. v. HAWKER SIDDELEY POWER ENGINEERING

[121 N.C. App. 530 (1996)]

tempt of court on 28 November 1994. From the child support modification and the criminal contempt orders, defendant appeals.

Defendant moved to extend time to serve the proposed record on appeal. The district court granted the motion, extending defendant's time to serve the record on appeal through and including 3 March 1995. The certificate of service indicates that the proposed record on appeal was not served until 8 March 1995. Therefore, pursuant to Rule 25(b) of the Rules of Appellate Procedure, this appeal is subject to dismissal.

In addition, we note that in criminal contempt matters, appeal is from the district court to the superior court. N.C. Gen. Stat. § 5A-17 (1986). In civil contempt matters, appeal is from the district court to this Court. N.C. Gen. Stat. § 5A-24 (1986). Thus, in the instant case, if the proposed record on appeal had been served within the time provided by the district court, this court would have had jurisdiction of the appeal of the child support modification order, but would not have had jurisdiction of the appeal of the criminal contempt order. For the reasons heretofore stated, this appeal is

Dismissed.

Judges JOHNSON, JOHN, and SMITH concur.