STATE OF NORTH CAROLINA v. GEORGE EDWIN LEWIS

No. COA00-1235

(Filed 20 November 2001)

**1. Arrest— impaired driving—opportunity to contact witnesses and communicate with counsel**

The trial court did not err by denying a motion to dismiss a charge of driving while impaired for failure to afford defendant the opportunity to contact witnesses and communicate with counsel where, although there was conflicting evidence, the trial court found that defendant was informed of his rights by a trooper and the magistrate and that defendant was given the opportunity to exercise those rights but failed to do so. N.C.G.S. § 15A-501.

---

STATE v. LEWIS

[147 N.C. App. 274 (2001)]

**2. Constitutional Law— right to remain silent—testimony concerning silence—no prejudice**

The trial court did not commit prejudicial error in an impaired driving prosecution by admitting testimony of defendant's failure to answer questions after he had been given his Miranda warnings. While a defendant's exercise of his constitutionally protected right to remain silent may not be used against him at trial, such a constitutional error will not warrant a new trial where it was harmless beyond a reasonable doubt.

**3. Judges— testimony by magistrate—condition of impaired driving defendant—no prejudice**

There was no prejudicial error in an impaired driving prosecution where a magistrate was allowed to give her opinion as to defendant's impairment. Testimony by a judicial official giving an opinion about the condition of a person who appeared before that official is disapproved; however, there was no prejudicial error in this case because the magistrate's testimony was cumulative and only tended to corroborate the officers.

**4. Criminal Law— prosecutor's argument—objection sustained—no prejudice**

The defendant in an impaired driving prosecution was not prejudiced by a prosecutor's argument where defendant objected, the judge sustained the objection, and the judge gave a curative instruction.

Appeal by defendant from judgment entered 30 July 1999 by Judge L. Oliver Noble, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 18 September 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Patricia A. Duffy, for the State.*

*Sean P. Devereux, P.A., by Sean P. Devereux, for defendant-appellant.*

WALKER, Judge.

Defendant appeals his conviction for driving while impaired. The State's evidence tended to show the following. On 7 February 1998, defendant, a Miami, Florida police officer, was traveling north on N.C. 19/23 in Buncombe County when he was stopped by Officer

Barry Jarrett of the North Carolina Department of Motor Vehicles. Officer Jarrett had observed the defendant speeding and almost striking Officer Jarrett's vehicle.

After stopping the defendant, Officer Jarrett observed that the defendant's eyes were bloodshot, his face was flushed, he had an odor of alcohol about him, his speech was slurred and he had difficulty keeping his balance. Defendant told Officer Jarrett that he had consumed a couple of beers over dinner. Officer Jarrett attempted to administer an alcosensor test but it failed to produce any results. Based on his observations, Officer Jarrett placed the defendant under arrest for driving while impaired.

Trooper Timothy Jackson arrived at the scene, took the defendant into custody and transported him to the detention center. Trooper Jackson observed that the defendant was red faced, had red, glassy eyes, slurred speech, and had an odor of alcohol about him. At the detention center, the defendant's wallet and other personal effects were turned over to the jailer and he was taken to a room to be administered a breathalyzer test. Trooper Jackson read the defendant his rights, including "the right to call an attorney and select a witness to view for you the testing procedures, but the testing may not be delayed for these purposes longer than 30 minutes from the time you are notified of your rights." At 12:20 a.m., the defendant signed the form acknowledging that he had been advised of these rights.

Defendant did not attempt to make any telephone calls until twenty-nine minutes had elapsed. He then attempted to call the Fraternal Order of Police in Florida or the Police Internal Affairs Office in Miami. All of his attempts were unsuccessful. A police officer in the detention center gave him the telephone number of the North Carolina Chapter of the Fraternal Order of Police but he was unable to make contact. During this time, the defendant requested his wallet which he said contained local telephone numbers of family and friends whom he wished to call. However, his wallet and personal effects were not returned until he was released.

When the defendant was offered the breathalyzer test, he refused to take it. He was then given his *Miranda* warnings but he refused to answer any further questions. Trooper Jackson took the defendant before Magistrate Jan Alexander for a determination of conditions of pre-trial release. She advised the defendant of his rights including the right to communicate with counsel, family, and friends; however, the defendant did not ask the magistrate for his wallet.

Defendant posted bond and was released later that morning. Magistrate Alexander testified at the trial as to the defendant's appearance and his impairment.

Defendant's evidence tended to show that his wallet and personal effects were taken when he was brought into the detention center. He was placed in a holding cell; however, he was not given his wallet which contained the local telephone numbers he needed to call people to come to the detention center to post his bond and view his condition.

[1] Defendant first assigns as error the denial of his motion to dismiss for failure to afford him the opportunity to contact witnesses and communicate with counsel, family, and friends. A defendant in this State must be informed of his right to communicate with counsel, family, and friends pursuant to N.C. Gen. Stat. § 15A-501 (1999) which states in part:

> Upon the arrest of a person, with or without a warrant, but not necessarily in the order hereinafter listed, a law-enforcement officer:
>
> . . .
>
> (5) Must without unnecessary delay advise the person arrested of his right to communicate with counsel and friends and must allow him reasonable time and reasonable opportunity to do so.

A magistrate has the duty to inform a defendant of this statutory right. *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988); N.C. Gen. Stat. § 15A-511(b). If the defendant is denied this right, the charges are subject to being dismissed. *Knoll*, 322 N.C. at 545, 369 S.E.2d at 564. Our Supreme Court has held that "[t]he right to communicate with counsel and friends necessarily includes the right of access to them." *State v. Hill*, 277 N.C. 547, 552, 178 S.E.2d 462, 466 (1971).

When a defendant alleges he has been denied his right to communicate with counsel, family, and friends, the trial court must conduct a hearing on defendant's motion to dismiss and make findings and conclusions. On appeal, the standard of review is whether there is competent evidence to support the findings and the conclusions. *State v. Cumberlain*, 307 N.C. 130, 143, 297 S.E.2d 540, 548 (1982). "If there is a conflict between the state's evidence and defendant's evidence on material facts, it is the duty of the trial court to resolve the conflict and such resolution will not be disturbed on appeal." *Id.*

STATE v. LEWIS

[147 N.C. App. 274 (2001)]

Approximately three months prior to trial, defendant moved to dismiss the charges based on *Knoll, supra* (*Knoll* motion). After a hearing, the trial court made the following findings in part:

3. . . .[Trooper Jackson] advised [defendant] of his rights regarding an intoxilyzer test. The defendant acknowledged that he understood the rights and did not invoke his rights.

4. That the officer waited—told him that he had thirty minutes from the time his rights were read to have an attorney present. The defendant waited twenty-nine minutes before wanting to make a phone call. And then he tried to call Miami, but he couldn't even function during that dialing the phone.

5. . . .[T]he defendant refused to take the test, that is, the intoxilyzer test.

6. The defendant tried to dial long distance by dialing a seven-digit number without even dialing the area code ahead of it.

7. Furthermore, he advised that he had a wallet that had been taken from him and that there were phone numbers in it and he needed the wallet to get numbers to call Miami and/or some local relatives; that his proximity to the wallet was some fifteen to twenty feet away where the wallet had been secured. He primarily—he stated he primarily wanted the wallet to get the phone number to dial the Fraternal Order of Police in Miami, Florida.

. . .

9. That Magistrate Alexander advised the defendant that he had the right to communicate with counsel and friends . . . .

. . .

14. And it is further noted that the bail bondsman [sic] are present in and around the premises of the Buncombe County Detention Center all night long. . . .

Based on its findings, the trial court concluded in part the following:

[T]he defendant was informed of his right to communicate with counsel and friends . . .; that he failed to communicate properly in determining—in securing his pre-trial release conditions and that—and that he failed to exercise his own rights to require—to acquire the attendance of a sober and responsible adult to be released to.

At the hearing on the *Knoll* motion, the defendant stipulated that Magistrate Alexander informed him of his right to communicate with counsel, family, and friends. Defendant testified that he was given a telephone and he attempted to make calls. Although there was conflicting evidence, the trial court found the defendant was informed of his rights by Trooper Jackson and Magistrate Alexander. Further, it found that the defendant was given the opportunity to exercise those rights but he failed to do so. The findings of the trial court support its conclusions. Thus, the trial court did not err in denying the motion to dismiss.

**[2]** Defendant also contends the trial court erred in admitting testimony of his failure to answer questions after he had been given his *Miranda* warnings. During his testimony, Trooper Jackson testified that the defendant refused to perform any field sobriety tests and the defendant refused to answer questions after being given his *Miranda* warnings. Defendant did not object to this testimony until cross-examination when he made a motion to dismiss based on the "flagrant violation of his rights under the 5th Amendment." Defendant argues that this testimony violates his constitutional right to remain silent and was therefore prejudicial to him.

While a defendant's exercise of his constitutionally protected right to remain silent may not be used against him at trial, "such a constitutional error will not warrant a new trial where it was harmless beyond a reasonable doubt." *State v. Elmore*, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994). N.C. Gen. Stat. § 15A-1443(b). The trial court did not err in denying the motion to dismiss the charges based on this testimony.

**[3]** Defendant next contends the trial court erred in allowing Magistrate Alexander to give her opinion of the defendant's impairment thus violating her role as a judicial official. At the trial, Magistrate Alexander testified regarding her observations of the defendant at the pre-trial release hearing. Defendant did not object until she was asked her opinion as to whether the defendant was impaired.

North Carolina Rules of Evidence, N.C. Gen. Stat. § 8C-1, Rule 601(a) states, "Every person is competent to be a witness except as otherwise provided in these rules." Rule 605 states, "The judge presiding at the trial may not testify in that trial as a witness." N.C. Gen. Stat. § 8C-1, Rule 605. Thus, a judicial official is only incompetent to

testify in certain situations. "It is generally accepted that a judge is competent to testify as to some aspects of a proceeding previously held before him." *State v. Simpson*, 314 N.C. 359, 372, 334 S.E.2d 53, 61 (1985). Although judges are competent to testify, there is a fear of unfair prejudice. Thus, it is within the trial court's discretion to allow or not allow a judicial official to testify. *Id. See also*, N.C. Gen. Stat. § 8C-1, Rule 403.

Defendant only cited Rule 403 of the North Carolina Rules of Evidence and Article I, Section 6 of our State Constitution as authority for his contention of error in admitting Magistrate Alexander's testimony of defendant's impairment.

Although a judicial official should exercise discretion when testifying, we disapprove of such testimony when it gives an opinion as to a person's condition who had previously appeared before that judicial official. However, in the context of this case, we conclude there was no prejudicial error. Officer Jarrett and Trooper Jackson had already testified that the defendant was appreciably impaired. Magistrate Alexander's testimony was cumulative and only tended to corroborate the officers.

[4] Finally, defendant claims that he was prejudiced by the prosecutor's comments during closing arguments and thus the charges should have been dismissed, or in the alternative, a mistrial ordered. The granting or denying of a motion for mistrial is in the sound discretion of the trial judge. *State v. McCarver*, 341 N.C. 364, 383, 462 S.E.2d 25, 36 (1995).

Here, the closing arguments were not recorded; however, the record shows that the defendant objected to the prosecutor's argument and the judge sustained the objection and gave a curative instruction. "When defense counsel objects, and the objection is sustained, and curative instructions are given to the jury, defendant has no grounds for exception on appeal. 'Jurors are presumed to follow a trial judge's instructions.' " *State v. Fletcher*, 125 N.C. App. 505, 511, 481 S.E.2d 418, 423, *disc. rev. denied*, 346 N.C. 285, 487 S.E.2d 560, *cert. denied*, 522 U.S. 957, 139 L. Ed. 2d 299 (1997) (*quoting State v. Taylor*, 340 N.C. 52, 64, 455 S.E.2d 859, 866 (1995)).

In summary, the defendant has failed to establish prejudicial error in any of his assignments of error.

No error.

Judges MARTIN and TYSON concur.