IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-227

Filed: 1 December 2020

Surry County, No. 18 CRS 616

STATE OF NORTH CAROLINA

v.

AMANDA WENDORF, Defendant.

Appeal by Defendant from order entered 7 November 2019 by Judge Angela B. Puckett in Surry County Superior Court. Heard in the Court of Appeals 7 October 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Ameshia A. Cooper, for the State.*

*Paglen Law PLLC, by Louise M. Paglen, for the Defendant.*

BROOK, Judge.

Amanda Wendorf ("Defendant") appeals from the trial court's order finding her in criminal contempt. We affirm the order of the trial court.

I. Background

Defendant and Jamie Davis were involved in a romantic relationship in 2018 that featured episodes of domestic violence. After one of these episodes, Mr. Davis was charged with assault on a female on 23 June 2018. On 17 August 2018,

Defendant was personally served with a subpoena compelling her to appear and testify at Mr. Davis's trial on 19 September 2018.

On 19 September 2018, the State's case against Mr. Davis came on for trial in Surry County District Court before the Honorable Marion Boone. The assistant district attorney made a statement at the beginning of the calendar call of cases set for hearing that day, asking that the individuals whose cases were set for hearing identify themselves when their names were called out and that victims and witnesses in the cases also identify themselves. When the assistant district attorney called Mr. Davis's name, Mr. Davis identified himself, but Defendant did not.

Later in the session of court, the assistant district attorney called Mr. Davis's case for trial and Mr. Davis approached the defense table. Noting the absence of Defendant, the State's only witness in the case against Mr. Davis, the assistant district attorney moved for a continuance, but Judge Boone denied the motion. The assistant district attorney therefore took a voluntary dismissal, and the case against Mr. Davis was dismissed. The assistant district attorney then moved that the court order Defendant to show cause why she should not be held in contempt for her failure to appear that day, which Judge Boone granted.

Defendant was personally served with the show cause order and the matter came on for hearing on 2 November 2018. Judge Boone found Defendant in criminal contempt that day and fined her $250 for her failure to appear on 19 September 2018.

On 9 November 2018, Defendant appealed from Judge Boone's order to superior court.

The matter came on for hearing in Surry County Superior Court on 28 October 2019 before the Honorable Angela B. Puckett. Judge Puckett found Defendant in criminal contempt and fined her $250 in an order entered on 8 November 2019.

Defendant timely appealed from the superior court's order to our Court.

## II. Standard of Review

In general, "our standard of review for contempt cases is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *State v. Phair*, 193 N.C. App. 591, 593, 668 S.E.2d 110, 111 (2008) (internal marks and citation omitted). "Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary. The trial court's conclusions of law drawn from the findings of fact are reviewable de novo." *State v. Salter*, 264 N.C. App. 724, 732, 826 S.E.2d 803, 809 (2019) (citation omitted). Of course, "[t]he issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal." *State v. Barnett*, 223 N.C. App. 65, 68, 733 S.E.2d 95, 98 (2012). Because subject matter jurisdiction is an issue of law, review is de novo. *Id.*

## III. Analysis

Defendant makes essentially five arguments on appeal, which we address in turn.

## A. Failure to Appear

Defendant first argues that the failure to appear and testify when subpoenaed cannot be the basis for a finding of criminal contempt because it does not constitute "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution." N.C. Gen. Stat. § 5A-11(a)(3) (2019). We disagree.

> Contempts of court are classified in two main divisions, namely: direct and indirect, the test being whether the contempt is perpetrated within or beyond the presence of the court. A direct contempt consists of words spoken or acts committed in the actual or constructive presence of the court while it is in session or during recess which tend to subvert or prevent justice. An indirect contempt is one committed outside the presence of the court, usually at a distance from it, which tends to degrade the court or interrupt, prevent, or impede the administration of justice.

*Galyon v. Stutts*, 241 N.C. 120, 123, 84 S.E.2d 822, 824-25 (1954) (internal citations omitted). By statute, "[a]ny criminal contempt other than direct criminal contempt is indirect criminal contempt[.]" N.C. Gen. Stat. § 5A-13(b) (2019). Proceedings for criminal contempt are "brought to preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders." *Galyon*, 241 N.C. at 123, 84 S.E.2d at 825. They "are punitive in their nature, and the government, the courts, and the people are interested in their prosecution." *Id.*

- 4 -

Under Rule 45 of the North Carolina Rules of Civil Procedure, applicable to subpoenas in North Carolina in criminal cases, *see* N.C. Gen. Stat. § 15A-801 (2019), "[f]ailure by any person without adequate excuse to obey a subpoena served upon the person may be deemed a contempt of court[,]" *Id.* § 1A-1, Rule 45(e)(1).[1] Definitionally, a subpoena is "[a] writ or order commanding a person to appear before a court . . . , subject to a penalty for failing to comply." *Subpoena,* Black's Law Dictionary 1563 (9th ed. 2009). Accordingly, our Supreme Court has held that willfully refusing to testify when subpoenaed can constitute criminal contempt of court, *In re Williams*, 269 N.C. 68, 75, 152 S.E.2d 317, 323 (1967), as can offering obviously false or evasive testimony, since it is equivalent to the willful refusal to testify, *Galyon*, 241 N.C. at 124, 84 S.E.2d at 825. Similarly, we have held that attempting to persuade a witness to disobey a subpoena and fail to appear constitutes criminal contempt under N.C. Gen. Stat. § 5A-11(a)(3) even where the witness, though frightened, still appears and testifies. *State v. Wall*, 49 N.C. App. 678, 679-80, 272 S.E.2d 152, 153 (1980).

Just as testifying evasively or obviously falsely is equivalent to refusing to testify in willful disobedience to the command of a subpoena, so too is willfully failing

---

[1] Defendant argues that the absence of the word "criminal" in Rule 45(e)(1) means that compliance with subpoenas can only be enforced in proceedings for civil, rather than criminal contempt. N.C. Gen. Stat. § 5A-11(a)(3) has not been interpreted so narrowly, however. *See, e.g.*, *State v. Wall*, 49 N.C. App. 678, 680, 272 S.E.2d 152, 153 (1980) (criminal contempt under N.C. Gen. Stat. § 5A-11(a)(3) upheld where the defendant attempted to intimidate the witness into disobeying subpoena).

to appear when a subpoena compels a witness's appearance to testify. A valid subpoena is the lawful process of a court. *See Process*, Black's Law Dictionary 1325 (9th ed. 2009) (defining "process" as "[a] summons or writ, esp. to appear and respond in court"). The failure to appear when ordered is punishable as criminal contempt. *O'Briant v. O'Briant*, 313 N.C. 432, 434-35, 329 S.E.2d 370, 372-73 (1985). We therefore hold that failing to appear when subpoenaed can be punished as criminal contempt because it constitutes "[w]illful disobedience of, resistance to, or interference with a court's lawful process[.]" N.C. Gen. Stat. § 5A-11(a)(3) (2019).

### B. Facial Validity of Show Cause Order

Defendant complains of a number of defects in the district court's proceeding and order finding her in criminal contempt, many of which we lack jurisdiction to consider. However, her argument that the district court lacked jurisdiction over the proceeding because the show cause order initiating the proceeding was facially defective is a collateral attack on the jurisdiction of the superior court. Because this assertion, if true, would entail that the superior court lacked jurisdiction to find her in criminal contempt, we have jurisdiction to address it. We reject the argument, though, and hold that the show cause order in district court was not facially defective.

Section 5A-17(a) of the General Statutes of North Carolina provides that "[a] person found in criminal contempt may appeal in the manner provided for appeals in criminal actions, except appeal from a finding of contempt by a judicial official inferior

to a superior court judge is by hearing de novo before a superior court judge." N.C. Gen. Stat. § 5A-17(a) (2019). An appeal under N.C. Gen. Stat. § 5A-17(a) to superior court is not an appeal on the record, however, unlike an appeal to our Court or the Supreme Court. *See State v. Ford*, 164 N.C. App. 566, 569, 596 S.E.2d 846, 849 (2004). While a defendant in a criminal contempt proceeding is not entitled to a jury trial because criminal contempt does not qualify as a serious offense within the meaning of the Sixth Amendment, *Blue Jeans Corp. v. Amalgamated Clothing Workers of Am.*, 275 N.C. 503, 511, 169 S.E.2d 867, 872 (1969), an appeal de novo in superior court of a finding of criminal contempt in district court is otherwise "a new trial . . . from the beginning to the end[,]" *State v. Brooks*, 287 N.C. 392, 405, 215 S.E.2d 111, 120 (1975). "[I]t is as if the case had been brought there originally and there had been no previous trial." *State v. Sparrow*, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970).

Generally speaking, we lack jurisdiction to review a district court's contempt proceeding, *Jones v. Jones*, 121 N.C. App. 529, 530, 466 S.E.2d 344, 345 (1996), because N.C. Gen. Stat. § 5A-17(a) "vests exclusive jurisdiction in the superior court to hear appeals from orders in the district court holding a person in criminal contempt[,]" *Michael v. Michael*, 77 N.C. App. 841, 843, 336 S.E.2d 414, 415 (1985). Still, "[t]he jurisdiction of the superior court on appeal from a conviction in district court is derivative." *State v. Wesson*, 16 N.C. App. 683, 689, 193 S.E.2d 425, 429 (1972). If "a court has no authority to act, its acts are void, and may be treated as

- 7 -

nullities anywhere, at any time, and for any purpose." *Corey v. Hardison*, 236 N.C. 147, 153, 72 S.E.2d 416, 420 (1952). And "[w]here a court enters an order without jurisdiction to do so, . . . the appropriate action on the part of the appellate court is to arrest judgment or vacate the order entered without authority." *State v. Briggs*, 257 N.C. App. 500, 502, 812 S.E.2d 174, 176 (2018) (internal marks and citations omitted).

Defendant argues that the district court never had jurisdiction to initiate the contempt proceeding because the show cause order was facially defective. N.C. Gen. Stat. § 5A-17(a) does not preclude our review of this issue because if the district court lacked jurisdiction to find Defendant in criminal contempt, so did the superior court, and its order is void. Defendant argues that the defect of the show cause order is that it did not comply with N.C. Gen. Stat. § 15A-924(5), which codifies pleading requirements applicable to criminal cases in superior court. We disagree.

By way of background, there are two kinds of criminal contempt proceedings: summary proceedings, which are for direct criminal contempt, and plenary proceedings, which are for indirect criminal contempt. *See* N.C. Gen. Stat. § 5A-13 (2019). Whereas in plenary proceedings for indirect criminal contempt, a judicial official must "proceed by an order directing the [contemnor] to appear before a judge at a reasonable time specified in the order and show cause why he should not be held in contempt of court[,]" and provide a copy of the show cause order to the contemnor in advance of the hearing, *id.* § 5A-15(a), in summary proceedings, the notice

requirement is much more minimal, *id.* § 5A-14(b) (contemnor need only be provided with "summary notice of the charges and a summary opportunity to respond").

We have observed that in a criminal contempt proceeding, "a show cause order is analogous to a criminal indictment[,]" an observation Defendant makes much of in her argument. *State v. Coleman*, 188 N.C. App. 144, 149, 655 S.E.2d 450, 453 (2008). However, a show cause order is not equivalent to an indictment. *See State v. Revels*, 250 N.C. App. 754, 762, 793 S.E.2d 744, 750 (2016). In fact, in *Revels*, we rejected the same argument Defendant now makes. *Id.* at 763 n.1, 793 S.E.2d at 750 n.1. The reason is that the requirements of N.C. Gen. Stat. § 15A-924(5) do not apply to proceedings for criminal contempt, direct or indirect. The notice requirement in a plenary proceeding for indirect criminal contempt, for example, is much less demanding than in an ordinary criminal case in superior court. *Compare, e.g.*, *Revels*, 250 N.C. App. at 762, 793 S.E.2d at 750 (allowing incorporation by reference to a prior court order in a show cause order for indirect criminal contempt) *with* N.C. Gen. Stat. § 15A-924(5) (requiring, among other things, a separate count for each offense and a factual statement supporting every element of each offense charged). And in a proceeding for direct criminal contempt, the notice requirement is even less demanding, and in some cases, almost nonexistent. *See In re Owens*, 128 N.C. App. 577, 581, 496 S.E.2d 592, 595 (1998), *aff'd*, 350 N.C. 656, 517 S.E.2d 605 (1999) (per curiam) ("Notice and a formal hearing are not required when the trial court promptly

punishes acts of contempt in its presence."); *Ford*, 164 N.C. App. at 571, 596 S.E.2d at 850 (observing that some direct criminal contempt proceedings are of such "limited instance [that] there [are] no factual determinations for the court to make."). Accordingly, we hold that the district court had jurisdiction, and the show cause order was not defective.

## C. Standard of Proof

Defendant contends in the alternative that the district court's failure to indicate that it found she was in criminal contempt based on the reasonable doubt standard of proof is a jurisdictional defect that deprived the superior court of jurisdiction on appeal from the district court's order. None of the cases cited in Defendant's brief support this proposition, however. The cases cited in Defendant's brief support the proposition that proof beyond a reasonable doubt is the standard of proof applicable to criminal contempt proceedings and that the failure to apply the correct standard of proof, or indicate whether the correct standard of proof was applied, is a fatal defect in a superior court's order of criminal contempt. *See GE Betz, Inc. v. Conrad*, 231 N.C. App. 214, 249, 752 S.E.2d 634, 658-59 (2013); *State v. Phillips*, 230 N.C. App. 382, 386, 750 S.E.2d 43, 45-46 (2013); *State v. Coleman*, 188 N.C. App. 144, 151, 655 S.E.2d 450, 454 (2008); *State v. Ford*, 164 N.C. App. 566, 571, 596 S.E.2d 846, 850 (2004); *State v. Verbal*, 41 N.C. App. 306, 307, 254 S.E.2d 794, 795 (1979). Even where we have observed in dicta that a district court erred by failing

to indicate it had applied the correct standard of proof, we have gone on to review the order entered in superior court on appeal from the district court's order – review that would be precluded if the district court's failure to indicate whether the correct standard of proof had been applied were an error depriving the superior court of jurisdiction on appeal. *Ford*, 164 N.C. App. at 570-71, 596 S.E.2d at 849-50. We hold that this defect in a district court's order is not jurisdictional. Accordingly, the superior court was not deprived of jurisdiction on appeal even though the district court's order did not indicate whether the correct standard of proof was applied.

D. De Novo Review in Superior Court

Defendant next argues that it was plain error for the superior court to allow the judge who presided over the contempt proceeding in district court to testify during the de novo hearing in superior court on appeal from that judge's order. We hold that admitting this testimony was not error, much less plain error.

"Plain error analysis applies to [unpreserved] evidentiary matters and jury instructions." *State v. Garcell*, 363 N.C. 10, 35, 678 S.E.2d 618, 634 (2009) (applying plain error standard in assessing admissibility of testimony pursuant to Rule 403); *see also State v. Coleman*, 227 N.C. App. 354, 357, 742 S.E.2d 346, 348 (2013) ("Plain error review is limited to [unpreserved] errors in a trial court's jury instructions or a trial court's rulings on admissibility of evidence.") (quoting *State v. Roache*, 358 N.C. 243, 275, 595 S.E.2d 381, 403 (2004) (alterations omitted)). To demonstrate plain

error, the defendant must show that the error had a *probable* impact on the finder of fact's determination of guilt. *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Preserved evidentiary errors, on the other hand, are reviewed for whether "there is a *reasonable possibility* that, had the error in question not been committed, a different result would have been reached[.]" N.C. Gen. Stat. § 15A-1443(a) (2019) (emphasis added).

A witness's competency to testify is committed to the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Pope*, 24 N.C. App. 217, 219-20, 210 S.E.2d 267, 269-70 (1974). Demonstrating an abuse of discretion requires "a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision." *Kearney v. Bolling*, 242 N.C. App. 67, 72, 774 S.E.2d 841, 846 (2015).

Defendant suggests that a district court judge testifying as a witness during a de novo hearing for criminal contempt in superior court constitutes plain error because the district court judge cannot be neutral and disinterested while testifying in an appeal from his or her own ruling. Defendant contends in the alternative that a district court judge testifying at the de novo hearing in superior court violates Rule 605 of the North Carolina Rules of Evidence, which prohibits a judge from testifying in a proceeding over which he or she is presiding. We disagree on both counts.

First, these assertions seem predicated on a misapprehension of the scope of the superior court's review. As noted previously, de novo review in superior court in an appeal under N.C. Gen. Stat. § 5A-17(a) is "a new trial . . . from the beginning to the end[.]" *Brooks*, 287 N.C. at 405, 215 S.E.2d at 120. "[I]t is as if the case had been brought there originally and there had been no previous trial." *Sparrow*, 276 N.C. at 507, 173 S.E.2d at 902. District Court Judge Marion Boone was not presiding over the de novo hearing before Superior Court Judge Angela B. Puckett; she was testifying as a witness with knowledge of whether Defendant had failed to appear on 19 September 2018 in her courtroom. While there is a risk of prejudice whenever a judicial official testifies in a subsequent proceeding of a case over which he or she has previously presided, offering this testimony does not in and of itself violate Rule 605 of the North Carolina Rules of Evidence. *State v. Lewis*, 147 N.C. App. 274, 279-80, 555 S.E.2d 348, 352 (2001). Rule 605 only prohibits the presiding judge from offering testimony. N.C. Gen. Stat. § 8C-1, Rule 605 ("The judge presiding at the trial may not testify *in that trial* as a witness.") (emphasis added). In the de novo hearing before Judge Puckett, Rule 605 prohibited Judge Puckett, not Judge Boone, from testifying.

Second, witnesses who are not neutral or disinterested are not categorically prohibited from testifying. Generally speaking, anyone can be a witness. *See id.* § 8C-1, Rule 601(a). While there is an exception for interested witnesses who derive their interest from people who are no longer alive, *id.* § 8C-1, Rule 601(c), trial courts

enjoy discretion to guard against the risk of unfair prejudice by excluding testimony, including testimony by judges in prior proceedings of the same case, *Lewis*, 147 N.C. App. at 279-80, 555 S.E.2d at 352, much as they do under Rule 403 of the North Carolina Rules of Evidence,[2] which are matters within their inherent authority, *Schmidt v. Petty*, 231 N.C. App. 406, 410, 752 S.E.2d 690, 693 (2013).  The interest or bias of a witness is a proper subject of cross-examination, *State v. Hart*, 239 N.C. 709, 711, 80 S.E.2d 901, 902 (1954), but does not generally bear on whether the witness is competent to testify, *Albright v. Albright*, 67 N.C. 271, 272 (1870).

Accordingly, we hold that there was no violation of Rule 605 when Judge Boone testified at the hearing over which Judge Puckett presided.  Moreover, Judge Puckett's decision to allow a witness with knowledge to testify about whether Defendant was present in court on 19 September 2018 was not arbitrary or manifestly unsupported by reason.  It therefore was not error, much less plain error, for Judge Puckett to allow Judge Boone to testify.

E. The Superior Court's Findings of Fact

Defendant finally argues that competent evidence did not support the trial court's findings related to her failure to appear because Judge Boone's testimony

---

[2] *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2019) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

supporting these findings was inadmissible and there was no competent evidence to support the trial court's finding that her failure to appear was willful. We disagree.

As noted above, the failure to appear when ordered can constitute willful disobedience punishable as criminal contempt. *O'Briant*, 313 N.C. at 434-35, 329 S.E.2d at 372-73. Furthermore,

> [w]here the trial court sits as the finder of fact, and where different reasonable inferences can be drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial court.
>
> This Court can only read the record and, of course, the written word must stand on its own. But the trial judge is present for the full sensual effect of the spoken word, with the nuances of meaning revealed in pitch, mimicry and gestures, appearances and postures, shrillness and stridency, calmness and composure, all of which add to or detract from the force of spoken words.
>
> The trial court's findings turn in large part on the credibility of the witnesses, and must be given great deference by this Court.

*Stancill v. Stancill*, 241 N.C. App. 529, 531-32, 773 S.E.2d 890, 892 (2015) (citation omitted).

Lindsay Moose, who was employed as a victim coordinator with the Surry County District Attorney's Office on 19 September 2018, testified that she had been in contact with Defendant prior to that date; that Defendant had been personally served with the subpoena requiring her to appear and testify on 19 September 2018; that she called out Defendant's name before court that day; that she heard the

assistant district attorney call out Mr. Davis's name and for victims and witnesses in Mr. Davis's case during the calendar call and nobody answered besides Mr. Davis; and that at no point during the criminal session of court on 19 September 2018 did Defendant stand up and identify herself.

Judge Boone testified that she was the presiding judge during the 19 September 2018 session of district court when the State's case against Mr. Davis was called; that the assistant district attorney instructed witnesses and victims to announce themselves when a defendant's name was called during the calendar call; that the assistant district attorney called Mr. Davis's case for trial and then called out Defendant's name twice, and when she did not answer, requested a continuance, which Judge Boone denied; and that the assistant district attorney took a voluntary dismissal of the case when Judge Boone denied his request for a continuance. Judge Boone testified that at no point during the criminal session of court on 19 September 2018 did Defendant stand up and identify herself. Notably, Defendant's counsel chose not to cross-examine Judge Boone.

We hold that Ms. Moose and Judge Boone's testimony was competent and admissible evidence supporting the trial court's findings that Defendant was served with a subpoena instructing her to appear in court on 19 September 2018, that she failed to appear on said date, and that her failure to appear was willful. The trial court, having been "present for the full sensual effect of the spoken word, with the

nuances of meaning revealed in pitch, mimicry and gestures," and so forth, *Stancill*, 241 N.C. App. at 531, 773 S.E.2d at 892, made findings supported by admissible, competent evidence, and these findings "must be given great deference by this Court," *id.* at 532, 773 S.E.2d at 892.

## IV. Conclusion

We affirm the order of the trial court because the failure to appear when subpoenaed is punishable by criminal contempt of court, the superior court had jurisdiction over Defendant's appeal from the district court's finding of criminal contempt, and competent evidence supported the superior court's findings that Defendant failed to appear as subpoenaed and her failure to appear was willful.

AFFIRMED.

Judge ZACHARY concurs.

Judge BERGER concurs by separate opinion.

BERGER, Judge, concurring in separate opinion.

I concur with the majority opinion, but concur in result only with regards to Section D. I write separately because, in that section, the majority should not have considered Defendant's Rule 605 argument. Moreover, the majority incorrectly engages in plain error review on an issue that is within the sound discretion of the trial court.

I. <u>Rule 605</u>

"The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." N.C. Gen. Stat. § 8C-1, Rule 605 (2019).

"Issues not presented in a parties brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6). Further, "[i]t is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *State v. Pabon*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2020).

Defendant's Rule 605 argument, to the extent there is one, is not that Judge Boone was "presiding at the [hearing]." N.C. Gen. Stat. § 8C-1, Rule 605. Rather, Defendant merely cites to Rule 605 and contends that the trial court deprived him of a fair hearing when it failed to intervene *ex mero motu* to exclude Judge Boone's testimony. Although no objection is required under Rule 605 to preserve an argument

for review, Defendant's argument is not grounded in Rule 605. Moreover, Defendant

provides no legal support for an argument pursuant to Rule 605.

Because Defendant abandoned any argument under Rule 605, he is not

entitled to appellate review.

II. Plain Error Review

The majority impermissibly engages in plain error review on an issue that is

within the sound discretion of the trial court.

> In criminal cases, an issue that was not preserved
> by objection noted at trial and that is not deemed preserved
> by rule or law without any such action nevertheless may be
> made the basis of an issue presented on appeal when the
> judicial action questioned is specifically and distinctly
> contended to amount to plain error.

N.C. R. App. P. 10(a)(4).

> For error to constitute plain error, a defendant must
> demonstrate that a fundamental error occurred at trial. To
> show that an error was fundamental, a defendant must
> establish prejudice – that, after examination of the entire
> record, the error had a probable impact on the jury's
> finding that the defendant was guilty. Moreover, because
> plain error is to be applied cautiously and only in the
> exceptional case, the error will often be one that seriously
> affects the fairness, integrity or public reputation of
> judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 334 (2012) (*purgandum*).

Our Supreme Court has stated that plain error review is not available on

appeal for unpreserved evidentiary issues that fall within a trial court's sound

discretion. *State v. Steen*, 352 N.C. 227, 255-56, 536 S.E.2d 1, 18 (2000) ("[T]his Court

has not applied the plain error rule to issues which fall within the realm of the trial court's discretion, and we decline to do so now.").

This Court, following our Supreme Court's clear direction, has consistently declined plain error review of evidentiary issues that fall within the trial court's discretion. *See State v. Blankenship*, 259 N.C. App. 102, 125-26, 814 S.E.2d 901, 918-19 (2018) (Dietz, J., concurring) ("[O]ur Supreme Court has held that plain error review does not apply to issues which fall within the realm of the trial court's discretion"); *State v. Norton*, 213 N.C. App. 75, 81, 712 S.E.2d 387, 391 (2011) ("Because our Supreme Court has held that discretionary decisions of the trial court are not subject to plain error review, we need not address [defendant's] argument on this issue"); *State v. Cunningham*, 188 N.C. App. 832, 836-37, 656 S.E.2d 697, 700 (2008) (refusing to evaluate Rule 403 balancing test for plain error because it falls within the trial court's discretion); *State v. Jones*, 176 N.C. App. 678, 687, 627 S.E.2d 265, 271 (2006) (declining to review Rule 403 balancing test because " '[t]his court has not applied the plain error rule to issues which fall within the realm of the trial court's discretion, and we decline to do so now' " (quoting *Steen*, 352 N.C. at 256, 536 S.E.2d at 18)); *State v. Cook*, COA08-628, 2009 WL 678633, *7 (N.C. Ct. App. Mar. 17, 2009) (unpublished) ("[T]he plain error rule is not applicable to issues that are within the trial court's discretion"). *See generally State v. Smith*, 194 N.C. App. 120, 126-27, 669 S.E.2d 8, 13 (2008) ("[D]iscretionary decisions by the trial court are not subject to

plain error review"); *State v. Verrier*, 173 N.C. App. 123, 128-29, 617 S.E.2d 675, 679 (2005) ("Plain error review does not apply to decisions made at the trial judge's discretion").

Defendant failed to object at trial to Judge Boone's testimony. On appeal, Defendant contends that the trial court committed plain error because he was denied a fair hearing in Superior Court when it allowed Judge Boone to testify. However, "[i]t is generally accepted that a judge is competent to testify as to some aspects of a proceeding previously held before him." *State v. Lewis*, 147 N.C. App. 274, 280, 555 S.E.2d 348, 352, (2001) (citation and quotation marks omitted). Further, "it is within the trial court's discretion to allow or not allow a judicial official to testify." *Id.* at 280, 555 S.E.2d at 352.

The majority acknowledges that the competency of Judge Boone to testify is a matter within the trial court's sound discretion. Nonetheless, the majority impermissibly engages in plain error review and lays the foundation for the expanded use of plain error review of evidentiary issues that fall within a trial court's sound discretion. If our Supreme Court intended to overturn *Steen* and the multitude of cases from this Court, it would have done so expressly. Until our Supreme Court takes that step, we are bound by the clear wording of *Steen* and the published cases from this Court.